Hank Bates (SBN 167688)
hbates@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR, 72201
Tel. 501-312-8500
Fax 501-312-8505

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
_____ DIVISION

LAWRENCE TORLIATT,
on behalf of himself and
all others similarly situated,

     Plaintiff,

v.                                    Case No. _____

OCWEN LOAN SERVICING, LLC,

     Defendant.

_____/

## COMPLAINT

Plaintiff, LAWRENCE TORLIATT, on behalf of himself and all others similarly situated, alleges breach of contract, violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692f and §1692e ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), against OCWEN LOAN SERVICING, LCC ("Defendant" or "Ocwen").

1.     Borrowers in California struggle enough to make their regular mortgage payments without getting charged extra, illegal fees when they try to pay by phone or online ("Pay-to-Pay fees"). Federal and state debt collection laws strictly prohibit these charges unless expressly agreed by the borrower, but these Pay-to-Pay fees are found nowhere in the standard deed of trust. Here, Ocwen pays Western Union to process these Pay-to-Pay transactions at a cost of about $0.40 each. Despite this low cost, Ocwen charges California homeowners an excessive

$5.00 to $20.00 Pay-to-Pay fee for each online or pay-by-phone mortgage payment transaction, pocketing the difference as profit.

2.      Ocwen services mortgages throughout the United States, including California.  It has already been sued for this same conduct in an Alabama federal court, where it agreed to pay $9.7 million.  But, Ocwen makes too much profit charging Pay-to-Pay fees and continues to charge the fees nationwide and in California. In doing so, Ocwen leverages its position of power over homeowners and demands excessive Pay-to-Pay fees.

3.      Ocwen services mortgages across the country and must know the terms of the standard loan agreements it services, none of which state Pay-to-Pay fees as a type of service fee that Ocwen can charge. Also, Pay-to-Pay fees are expressly prohibited by Fannie Mae's servicing guidelines, which prohibit all Fannie Mae servicers from charging any fee for routine borrower collections.  Even if some fee were allowed, the mortgage uniform covenants allow Ocwen to pass along to the borrower only the actual cost of fees incurred – here about $0.40 per transaction.

4.      Ocwen must be held accountable for its actions. Ocwen has long known these fees are illegal, but charges them anyway, violating the FDCPA and Rosenthal Act by demanding excessive Pay-to-Pay fees, and violating its mortgage contract by charging fees not expressly allowed under the uniform contractual obligations contained in standard form mortgage loan agreements.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction because Ocwen conducts business in California and commits torts in California, as described in this Complaint.

6.      The Court has jurisdiction under 15 U.S.C. §1332(d)(2).

7.      Venue is proper because this is where the cause of action accrued.

COMPLAINT                                             CASE NO.: _____

Page **2** of **15**

**PARTIES**

8.      Plaintiff Lawrence Torliatt is a natural person residing in California who has a mortgage loan that was serviced by Ocwen on his home located in California.

9.      Defendant Ocwen Loan Servicing, LLC is a corporation with a principal place of business in West Palm Beach, Florida. Defendant is one of the nation's leading specialty loan servicing companies.

**APPLICABLE LAW**

**FDCPA**

10.     The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

11.     The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e.

12.     The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

13.     The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

14.     The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

15.     The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." *Id.* § 1692a(6).

16.     The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

17.     The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." *Id.* § 1692a(5).

**ROSENTHAL ACT**

18.     The Rosenthal Act is "a remedial statute [that] should be interpreted broadly in order to effectuate its purpose." (*See People ex rel. Lungren v. Superior Court,* 14 Cal.4th 294, 313, 58 Cal.Rptr.2d 855, 926 P.2d 1042 (Cal. 1996) ("civil statutes for the protection of the public are, generally, broadly construed in favor of that protective purpose."); *Komarova v. National Credit Acceptance, Inc.*, 95 Cal.Rptr.3d 880, 892, 175 Cal.App.4th 324, 340 (Cal.App. 1 Dist. 2009).

19.     The Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code §1788.2(c).

20.     The Rosenthal Act defines a "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code §1788.2(f).

21.     The Rosenthal Act defines "consumer credit transaction" as "a transaction between a natural person and another person in which property, services or money is acquired on

COMPLAINT                                        CASE NO.: _____

<u>Page **4** of **15**</u>

credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civ. Code §1788.2(e).

22.   The Rosenthal Act makes it illegal for any entity covered by it to violate the federal FDCPA. Cal. Civ. Code § 1788.17. By violating the FDCPA, Ocwen also violated the Rosenthal Act.

23.   Moreover, the Rosenthal Act prohibits "(b) Collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14.

24.   The Rosenthal Act also makes it illegal to represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

## FACTUAL ALLEGATIONS

25.   On or around December 15, 2005, Mr. Torliatt purchased a home in Sonoma County, subject to a mortgage.

26.   Mr. Torliatt's mortgage was serviced by Fannie Mae and sub-serviced by Ocwen.

27.   Mr. Torliatt's Ocwen loan number is ######8324.

28.   Since December 2018, Mr. Torliatt has made monthly mortgage payments online through his bank account.

29.   Ocwen has charged Mr. Torliatt a $7.50 additional fee each time he made his monthly mortgage payment online. This fee is not authorized by his Deed of Trust.

30.   Mr. Torliatt made numerous payments online and incurred the illegal $7.50 charge as recently as May 2019.

COMPLAINT                                              CASE NO.: _____

Page **5** of **15**

31.     Ocwen contracts with Western Union to process all of its online and automated phone payment transactions ("Pay-to-Pay Transactions").  The cost to Ocwen under the contract depends on the monthly volume of Pay-to-Pay Transactions processed by Western Union.  Given the volume of Pay-to-Pay Transactions, the actual cost that Ocwen pays Western Union to process Pay-to-Pay Transactions is about $0.20 to $0.40 per transaction.

32.     Mr. Torliatt's Deed of Trust is enclosed as Exhibit A.

33.     Ocwen's demand for payment of Pay-to-Pay fees is a breach of the Deed of Trust, which does not delineate Pay-to-Pay fees as one of the many charges that the lender, or loan servicer acting on behalf of the lender, may charge.  There is simply no provision in the mortgage that allows Ocwen to collect Pay-to-Pay fees.

34.     Ocwen's demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 16 of the Deed of Trust: "This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located." *See* Exhibit A, ¶16. Federal debt collection law prohibits the collection of any amount incidental to the principle obligation unless that amount is *expressly* stated in the loan agreement.  *See* 15 U.S.C. § 1692f(1) (making unlawful the "collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) **unless such amount is expressly authorized by the agreement creating the debt or permitted by law**." (emphasis added).  Ocwen's collection of Pay-to-Pay fees violated both the FDCPA and Rosenthal Act.

35.     To the extent that Ocwen claims there is any allowance of fees to be charged under section 14 of the Mortgage Agreement, those charges are preference and limited to those charged when the borrower is in default.  Even if the Pay-to-Pay fees were default related fees, which they are not, Ocwen's demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 9 of the Deed of Trust, "Protection of Lender's Interest in the Property and Rights

Under This Security Instrument" section, stating that only "amounts *disbursed* by the lender under this Section 9 will become debt of the borrower." *See* Exhibit A, ¶9 (emphasis added). Ocwen collected more than the amount it disbursed to Western Union to process the Pay-to-pay transactions.

36.    Ocwen's demands for payment of Pay-to-Pay fees is a direct breach of Paragraph 14 of its Deed of Trust, "Uniform Covenants" section, stating that lender may not charge fees prohibited by "Applicable Law." The Agreement defines "Applicable Law" in Paragraph I as "all controlling applicable federal, state, and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." *See* Exhibit A, ¶14.

37.    By charging the Pay-to-Pay fees, Ocwen has violated the "Applicable Law" provision, as defined by its Deed of Trust, and thus breached its contract.

38.    Further, Fannie Mae's servicing guidelines, which Ocwen must follow when sub-servicing Fannie Mae loans, do not allow the collection of any fees on routine borrower collections, including the Pay-to-Pay fees charged by Ocwen.  *See* Fannie Mae Servicing Guide A2-3-05 ("The servicer is not authorized to charge the borrower fees relating to the following activities: facilitating routine borrower collections.")

39.    Because the "Governing Law" (¶16), "Protection of Lender's Interest in the Property and Rights Under This Security Instrument" (¶9), and "Applicable Law" (¶14) provisions are contained in the "Uniform Covenants" section, Ocwen has breached its contract on a class-wide basis.

40.    Prior to filing this Complaint, Mr. Torliatt made a written pre-suit demand upon Ocwen.

COMPLAINT                                                    CASE NO.: _____

Page **7** of **15**

41.     Ocwen was given a reasonable opportunity to cure its breaches described herein but failed to do so.

### CLASS REPRESENTATION ALLEGATIONS

42.     Plaintiff LAWRENCE TORLIATT, brings this action under Fed. R. Civ. P. 23(b)(3) on behalf of the following class of persons (the "California Class"), subject to modification after discovery and case development:

> All persons with a California address who paid a fee to Ocwen for making a loan payment by telephone, IVR, or the internet during the applicable statutes of limitations for Plaintiff's non-FDCPA claims through the date a class is certified.

43.     Class members are identifiable through Defendant's records and payment databases.

44.     Excluded from the Class are the Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

45.     Plaintiff proposes that he serve as class representative.

46.     Plaintiff and the Class have all been harmed by the actions of Defendant.

47.     Numerosity is satisfied. According to Ocwen's servicing records there are likely thousands of class members.  Individual joinder of these persons is impracticable.

48.     There are questions of law and fact common to Plaintiff and to the Class, including, but not limited to:

    a.  Whether Ocwen violated the FDCPA by charging Pay-to-Pay fees not due;

    b.  Whether Ocwen violated the Rosenthal Act by charging Pay-to-Pay fees not due;

    c.  Whether Ocwen violated general provisions of the California Unfair Practices Act (Cal. Bus. & Prof. Code § 17000 *et. seq.*) by charging Pay-to-Pay fees not due;

    d.  Whether Ocwen breached its Deed of Trusts by charging Pay-to-Pay fees not due;

COMPLAINT                                              CASE NO.: _____

Page **8** of **15**

e.   Whether Ocwen violated Fannie Mae's servicing guidelines as a sub-servicer by charging Pay-to-Pay fees;

f.   Whether Ocwen's cost of the Pay-to-Pay transactions under its contract with Western Union is less than the amount it charged for Pay-to-Pay fees;

g.   Whether Plaintiff and class members are entitled to actual and/or statutory damages as a result of Defendant's actions; and

h.   Whether Plaintiff and class members are entitled to attorney's fees and costs.

49.   Plaintiff's claims are typical of the claims of class members.  Ocwen charged Plaintiff Pay-to-Pay fees in the same manner as the class members.  Ocwen entered into a contract with Western Union to process the Plaintiff's and class members' Pay-to-Pay Transactions. Plaintiff and class members entered into uniform covenants in their Deed of Trusts that prohibit Pay-to-Pay charges. Alternatively, if Ocwen is allowed under the Deed of Trusts to charge Pay-to-Pay Transactions as a default related fee, such amount is capped for Plaintiff and class members at the actual amounts disbursed by Ocwen to Western Union for the Pay-to-Pay Transactions, approximately $0.20 to $0.40 under Ocwen's contract with Western Union.

50.   Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the class members and they will fairly and adequately protect the interests of the class members.  Plaintiff has taken actions before filing this complaint, by hiring skilled and experienced counsel, and by making a pre-suit demand on behalf of class members to protect the interests of the class.

51.   Plaintiff has hired counsel that is skilled and experienced in class actions and is adequate class counsel capable of protecting the interests of the class members.

COMPLAINT                                                    CASE NO.: _____

Page **9** of **15**

52.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

53.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

**COUNT I AS TO OCWEN'S VIOLATION OF THE ROSENTHAL ACT**
**§ CAL. CIV. CODE §§ 1788 *et seq***
**(By Mr. Torliatt on behalf of California Class)**

54.     The Rosenthal Act applies to Ocwen because it regularly engages in debt collection within California. Cal. Civ. Code § 1788.2(c).

55.     Mr. Torliatt purchased his home by residential mortgage for personal, family or household use and is a person who incurred a consumer debt. Cal. Civ. Code § 1788.2(e), (f).

56.     By collecting Pay-to-Pay fees from Plaintiff and class members, Ocwen collected an amount incidental to the principal obligation without the amount being expressly stated in the underlying loan agreement, in violation of the FDCPA.

57.     The Rosenthal Act makes it illegal for any entity covered by it to violate the federal FDCPA. Cal. Civ. Code § 1788.17. By violating the FDCPA, Ocwen also violated the Rosenthal Act.

58.     Moreover, by collecting and attempting to collect Pay-to-Pay fees that were not otherwise permitted by law from Plaintiff and class members, Ocwen violated the Rosenthal Act's prohibition against "(b) Collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14.

COMPLAINT                                              CASE NO.: _____

Page **10** of 15

59.     By assessing Pay-to-Pay fees, Ocwen represented to Plaintiff and class members that their debts may be increased by the addition of the Pay-to-Pay fees, even though Pay-to-Pay fees may not be legally added to the existing obligation.  These representations violated the Rosenthal Act's prohibition against representing that a consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

60.     Ocwen assessed the Pay-to-Pay fees against Plaintiff and class member knowingly and/or willfully.  Ocwen has already been sued and settled a similar action, as an assignee of the Plaintiff's and class members' loans is bound with knowledge of the underlying mortgage loan agreements' terms, and has collected these amounts hundreds of thousands of times from class members in a scheme that cannot be accidental.

61.     Ocwen violated the Rosenthal Act because it retains for itself a portion of the Pay-to-Pay fees it collects from California borrowers.

62.     As a result of each and every violation of the Rosenthal Act, Plaintiff and the California Class are entitled to recover from Ocwen any actual damages pursuant to Cal. Civ. Code § 1788.30(a), statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to California Civil Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to California Civil Code ¶ 1788.30(c).

**COUNT II AS TO OCWEN'S VIOLATION OF THE "UNLAWFUL" PRONG OF THE CALIFORNIA UNFAIR PRACTICES ACT § § 17000, 17200 et. seq. ("UCL")**
**(By Mr. Torliatt on behalf of California Class)**

63.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

64.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

COMPLAINT                                    CASE NO.: _____

<u>Page **11** of **15**</u>

65.     As described in detail above, Ocwen's conduct described herein violates the FDCPA and the Rosenthal Act. These violations are sufficient to support Plaintiff's claim under the unlawful prong of the UCL.

66.     As a result of the conduct above, Ocwen has been unlawfully enriched at the expense of Plaintiff and class members by obtaining revenues and profits that it would not have otherwise obtained absent its false, misleading and deceptive conduct.

67.     Through its unlawful acts and practices, Ocwen has improperly obtained money from Plaintiff and the class members. As such, Plaintiff requests that the Court cause Ocwen to restore the money to Plaintiff and the class members, and to enjoin Ocwen from continuing to violate the UCL in the future. Otherwise, Plaintiff and the class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### COUNT III AS TO OCWEN'S BREACH OF CONTRACT
#### (By Mr. Torliatt on behalf of California Class)

68.     On or about December 14, 2005, Mr. Torliatt entered into a Deed of Trust with respect to his home.

69.     When Ocwen became the servicer (sub-servicer) of Mr. Torliatt's loan, it became a party to the Deed of Trust with Mr. Torliatt by assignment from Mr. Torliatt's lender (or servicer). Thus, Ocwen entered into a Deed of Trust with Mr. Torliatt whereby money was lent to Mr. Torliatt to purchase property in exchange for certain payment over time.

70.     Ocwen's demand for payment of Pay-to-Pay fees is a breach of the Deed of Trust, which does not delineate Pay-to-Pay fees as one of the many charges that the lender, or loan servicer acting on behalf of the lender, may charge.  There is simply no provision in the mortgage that allows Ocwen to collect Pay-to-Pay fees.

71.     Ocwen's demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 16 of the Deed of Trust: "This Security Instrument shall be governed by Federal law and the law

of the jurisdiction in which the Property is located." *See* Exhibit A, ¶16. Federal debt collection

law prohibits the collection of any amount incidental to the principle obligation unless that

amount is *expressly* stated in the loan agreement.  ***See*** 15 U.S.C. § 1692f(1) (making unlawful

the "collection of any amount (including any interest, fee, charge or expense incidental to the

principal obligation) **unless such amount is expressly authorized by the agreement creating**

**the debt or permitted by law**." (emphasis added).  Ocwen's collection of Pay-to-Pay fees

violated both the FDCPA and Rosenthal Act.

72.    To the extent that Ocwen claims there is any allowance of fees to be charged

under section 14 of the Mortgage Agreement, those charges are preference and limited to those

charged when the borrower is in default.  Even if the Pay-to-Pay fees were default related fees,

which they are not, Ocwen's demand for payment of Pay-to-Pay fees is a direct breach of

Paragraph 9 of the Deed of Trust, "Protection of Lender's Interest in the Property and Rights

Under This Security Instrument" section, stating that only "amounts *disbursed* by the lender

under this Section 9 will become debt of the borrower."  *See* Exhibit A, ¶9 (emphasis added).

Ocwen collected more than the amount it disbursed to Western Union to process the Pay-to-pay

transactions.

73.    Ocwen's demands for payment of Pay-to-Pay fees is a direct breach of Paragraph

14 of its Deed of Trust, "Uniform Covenants" section, stating that lender may not charge fees

prohibited by "Applicable Law." The Agreement defines "Applicable Law" in Paragraph I as

"all controlling applicable federal, state, and local statutes, regulations, ordinances and

administrative rules and orders (that have the effect of law) as well as all applicable final, non-

appealable judicial opinions."  *See* Exhibit A, ¶14.

74.    By charging the Pay-to-Pay fees, Ocwen has violated the "Applicable Law"

provision, as defined by its Deed of Trust, and thus breached its contract.

COMPLAINT                                          CASE NO.: _____

**Page 13** of **15**

75.     Further, Fannie Mae's servicing guidelines, which Ocwen must follow when sub-servicing Fannie Mae loans, do not allow the collection of any fees on routine borrower collections, including the Pay-to-Pay fees charged by Ocwen.  *See* Fannie Mae Servicing Guide A2-3-05 ("The servicer is not authorized to charge the borrower fees relating to the following activities: facilitating routine borrower collections.")

76.     Because the "Governing Law" (¶16), "Protection of Lender's Interest in the Property and Rights Under This Security Instrument" (¶9), and "Applicable Law" (¶14) provisions are contained in the "Uniform Covenants" section, Ocwen has breached its contract on a class-wide basis.

77.     Defendant's Uniform Covenants in its Deed of Trust proscribed fees not allowable under applicable law.

78.     Fannie Mae's Servicing Guide, section A2-3-05, which must be adhered to by Ocwen as the loan sub-servicer, prohibits all fees charged relating to routine borrower collections.

79.     Defendant breached its contracts with Mr. Torliatt and class members when it charged Pay-to-Pay fees not agreed to in its Deed of Trust.

80.     Alternatively, Defendant breached its contracts with Mr. Torliatt and class members when it charged Pay-to-Pay Transaction fees in excess of the amounts actually disbursed by Defendant to pay for the cost of the Pay-to-Pay Transactions.

81.     Mr. Torliatt and class members have been harmed by this breach.

**JURY DEMAND AND RESERVATION OF PUNITIVE DAMAGES**

82.     Plaintiff is entitled to and respectfully demands a trial by jury on all issues so triable.

83.     Plaintiff reserves the right to amend his Complaint and add a claim for punitive damages.

### RELIEF REQUESTED

WHEREFORE Mr. Torliatt respectfully requests this Court enter judgment against Defendant for all of the following:

a.     That Mr. Torliatt and all class members be awarded actual damages, including but not limited to all fees improperly charged and forgiveness of all amounts not properly owed;

b.     That Mr. Torliatt and class members be awarded statutory damages;

c.     That Mr. Torliatt and class members be awarded costs and attorney's fees; and

d.     That the Court enter an order that Defendant and its agents, or anyone acting on its behalf, are immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

e.     That the Court certify Mr. Torliatt's claims and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure; and

f.     Such other and further relief as the Court may deem just and proper.

Dated: July 26, 2019                    Respectfully Submitted,


                                        */s/ Hank Bates*
                                        Hank Bates (SBN 167688)
                                        hbates@cbplaw.com
                                        CARNEY BATES & PULLIAM, PLLC
                                        519 W. 7th St.
                                        Little Rock, AR, 72201
                                        Tel. 501-312-8500
                                        Fax 501-312-8505

COMPLAINT                                        CASE NO.: _____

Page **15** of 15