Hank Bates (SBN 167688)
hbates@cbplaw.com
Randall K. Pulliam (*admitted pro hac vice*)
rpulliam@cbplaw.com
Edwin Lee Lowther (*admitted pro hac vice*)
llowther@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR 72201
Tel. 501-312-8500
Fax 501-312-8505

Don F. Livornese (State Bar No. 125,934)
donl@ruyakcherian.com
RUYAK CHERIAN LLP
222 N. Pacific Coast Highway, Suite 2000
El Segundo, CA 90245
Tel. 310-586-7689

James Lawrence Kauffman (*admitted pro hac vice*)
jkauffman@baileyglasser.com
BAILEY GLASSER, LLP
1055 Thomas Jefferson St, NW Suite 540
Washington, DC 20007
Tel. (202) 463-2101

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*San Francisco Division*

| | |
|---|---|
| LAWRENCE TORLIATT, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> OCWEN LOAN SERVICING, LLC, <br> Defendant. <br><br> CONSOLIDATED WITH: <br><br> *Lawrence Torliatt v. PHH Mortgage Corp.*, Case No. 3:19-cv-04356-WHO | Case No. 3:19-cv-04303-WHO <br><br><br><br> **CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** <br><br> **CLASS ACTION** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff, LAWRENCE TORLIATT, on behalf of himself and all others similarly situated, alleges that Defendants Ocwen Loan Servicing, LLC ("Ocwen") and PHH Mortgage Corporation ("PHH") (collectively, "Defendants") violated the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), and breached their contracts with borrowers, and that PHH violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692f and §1692e ("FDCPA"), against PHH, as described more fully below.

1.  Many borrowers in California struggle enough to make their regular mortgage payments without getting charged extra, illegal fees when they try to pay by phone or online ("Pay-to-Pay fees"). Federal and state debt collection laws strictly prohibit these charges unless expressly agreed to by the borrower in the agreement creating the obligation. But Pay-to-Pay fees are found nowhere in any standard deed of trust.

2.  Here, Defendants pay Western Union to process Pay-to-Pay transactions at a cost of about $0.40 each. Despite this low cost, Defendants charge homeowners a $5.00 to $20.00 Pay-to-Pay fee for each online or pay-by-phone mortgage payment transaction, pocketing the difference as profit.

3.  Defendants service mortgages throughout the United States, including California. Ocwen has already been sued for this same conduct in an Alabama federal court (the "Alabama action"), where it agreed to pay $9.7 million to settle similar claims. Yet Ocwen continues to charge the fees nationwide and in California. In doing so, Ocwen takes advantage of homeowners and breaches the terms of its own agreements.

4.  In October 2018, Ocwen acquired PHH. Since that time, Ocwen has transferred the servicing of its loan portfolio, including Plaintiff's loan, to PHH. PHH has continued the illegal practice of collecting excessive and unauthorized Pay-to-Pay fees.

5.  Defendants have long known these fees are illegal, but charge them anyway, violating the FDCPA and Rosenthal Act by demanding excessive Pay-to-Pay fees, and violating their mortgage contract by charging fees not expressly allowed under the uniform contractual obligations contained in standard form mortgage loan agreements.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over Ocwen because it conducts business in California and commits torts in California, as described in this Consolidated Class Action Complaint.

7. This Court has personal jurisdiction over PHH because it conducts business in California and commits torts in California, as described in this Consolidated Class Action Complaint.

8. The Court has jurisdiction under 28 U.S.C. § 1332(d)(2). The parties to this action are minimally diverse. Moreover, the amount in controversy, exclusive of costs and interests, exceeds $5,000,000.00. Defendants, individually and collectively during the class period, are two of the largest mortgage servicers in the nation and service millions of residential mortgages, including mortgages given by borrowers in California. In the Alabama action, Ocwen collected from class members more than $32,000,000.00 in Pay-to-Pay fees during a period of four and a half years. The class there included only the subset of borrowers whose loans were in default when Ocwen began servicing them. Here, the Rosenthal Act has no such acquired-in-default limitation. To be conservative, multiplying that damages figure by California's twelve percent of the U.S. population, the damages at issue here amount to approximately $4,000,000.00, exclusive of the value of the injunction Plaintiff seeks to stop the practice and attorneys' fees. Thus, the amount in controversy exceeds $5,000,000.00.

9. Venue is proper because this is where the cause of action accrued.

## PARTIES

10. Plaintiff Lawrence Torliatt is a natural person residing in California who has a mortgage loan that was serviced by Ocwen on his home located in California.

11. Defendant Ocwen Loan Servicing, LLC is a corporation with a principal place of business in West Palm Beach, Florida. Defendant is one of the nation's leading specialty loan servicing companies.

12. Defendant PHH Mortgage Corporation is a corporation with a principal place of business in Mount Laurel, New Jersey. Defendant is one of the nation's leading specialty loan servicing companies.

## APPLICABLE LAW

**FDCPA**

13. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

14. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e.

15. The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1).

16. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

17. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

18. The FDCPA defines "debt collector" as "any person who uses . . . any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debt owed . . . or asserted to be owed or due another." *Id.* § 1692a(6).

19. The FDCPA defines communication as "conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

20. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that] are primarily for personal, family, or household purposes." *Id.* § 1692a(5).

**ROSENTHAL ACT**

21. The Rosenthal Act is "a remedial statute [that] should be interpreted broadly in order to effectuate its purpose." *See People ex rel. Lungren v. Superior Court,* 14 Cal. 4th 294, 313, 58 Cal. Rptr. 2d 855, 926 P.2d 1042 (Cal. 1996) ("[C]ivil statutes for the protection of the public are, generally, broadly construed in favor of that protective purpose."); *Komarova v. National Credit Acceptance, Inc.*, 95 Cal. Rptr. 3d 880, 892, 175 Cal. App. 4th 324, 340 (Cal. Ct. App. 2009).

22. The Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c).

23. The Rosenthal Act defines a "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code § 1788.2(f).

24. The Rosenthal Act defines "consumer credit transaction" as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civ. Code § 1788.2(e).

25. The Rosenthal Act makes it illegal for any entity covered by it to engage in certain conduct prohibited by the FDCPA, including the conduct prohibited in Section 1692f(1). Cal. Civ. Code § 1788.17. By engaging in conduct prohibited by the FDCPA, Defendants violated the Rosenthal Act.

26. Moreover, the Rosenthal Act prohibits "(b) Collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14.

27. The Rosenthal Act also makes it illegal to represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

**FACTUAL ALLEGATIONS**

28. On or around December 15, 2005, Mr. Torliatt purchased a home in Sonoma County, subject to a mortgage.

29. Mr. Torliatt's mortgage was serviced by Fannie Mae and sub-serviced by Ocwen.

30. Mr. Torliatt's Ocwen loan number is ######8324.

31. Since December 2018, Mr. Torliatt has made monthly mortgage payments online through his bank account.

32. Ocwen has charged Mr. Torliatt a $7.50 additional fee each time he has made his monthly mortgage payment online. This fee is not authorized by his Deed of Trust.

33. Mr. Torliatt made numerous payments online and incurred the illegal $7.50 charge as recently as May 2019.

34. In May 2019, Mr. Torliatt was put on notice that the servicing of his mortgage was being transferred from Ocwen to PHH.

35. According to Mr. Torliatt's April monthly statement from Ocwen, he had a regular monthly mortgage payment of $2,034.96. Mr. Torliatt, however, was in default, and the total he owed Ocwen was $7,150.94.

36. Effective June 2019, Mr. Torliatt's mortgage was transferred to PHH for servicing.

37. The first statement Mr. Torliatt received from PHH reflected that he owed PHH a total of $5,115.98. This is the amount of Mr. Torliatt's previous balance with Ocwen less a monthly mortgage payment.

38. Thus, Mr. Torliatt remained in default after his loan was transferred to PHH.

39. Since beginning the servicing of his loan in June 2019, PHH has continued to charge Mr. Torliatt fees of $7.50 for making his mortgage payments online.

40. Defendants contract with Western Union to process all of their online and automated phone payment transactions ("Pay-to-Pay Transactions"). The cost to Defendants under the contract depends on the monthly volume of Pay-to-Pay Transactions processed by

1  Western Union.  Given the volume of Pay-to-Pay Transactions, the actual cost that Defendants
2  pays Western Union to process Pay-to-Pay Transactions is about $0.20 to $0.40 per transaction.
3        41.    Mr. Torliatt's Deed of Trust is attached as Exhibit A.
4        42.    Defendants' demands for payment of Pay-to-Pay fees is a breach of the Deed of
5  Trust, which does not delineate Pay-to-Pay fees as one of the charges that the lender, or loan
6  servicer acting on behalf of the lender, may charge.  There is simply no provision in the
7  mortgage that allows Defendants to collect Pay-to-Pay fees.
8        43.    Defendants' demand for payment of Pay-to-Pay fees is a direct breach of
9  Paragraph 14 of the Deed of Trust: "Lender may not charge fees that are expressly prohibited
10 by this Security Instrument or by Applicable Law." Exhibit A, ¶ 14. The Agreement defines
11 "Applicable Law" in Paragraph I as "all controlling applicable federal, state, and local statutes,
12 regulations, ordinances and administrative rules and orders (that have the effect of law) as well
13 as all applicable final, non-appealable judicial opinions." *Id.*, ¶ (I). Moreover, "[t]his Security
14 Instrument shall be governed by Federal law and the law of the jurisdiction in which the
15 Property is located." *Id.*, ¶ 16. Federal debt collection law prohibits the collection of any
16 amount incidental to the principle obligation unless that amount is *expressly* stated in the loan
17 agreement.  *See* 15 U.S.C. § 1692f(1) (making unlawful the "collection of any amount
18 (including any interest, fee, charge or expense incidental to the principal obligation) **unless**
19 **such amount is expressly authorized by the agreement creating the debt or permitted by**
20 **law**." (emphasis added)).
21       44.    Ocwen's collection of Pay-to-Pay fees violated the Rosenthal Act. PHH's
22 collection of Pay-to-Pay fees violated both the Rosenthal Act and the FDCPA.
23       45.    Further, Fannie Mae's servicing guidelines, which Defendants must follow
24 when sub-servicing Fannie Mae loans, do not allow the collection of any fees on routine
25 borrower collections, including the Pay-to-Pay fees charged by Defendants.  *See* Fannie Mae
26 Servicing Guide A2-3-05 ("The servicer is not authorized to charge the borrower fees relating
27 to the following activities: facilitating routine borrower collections.").
28

46. By charging the Pay-to-Pay fees, Ocwen has breached the "Uniform Covenants" contained in Paragraphs 14 and 16 of Plaintiff's uniform deed of trust on a class-wide basis.

47. Prior to filing this Complaint, Mr. Torliatt made a written pre-suit demand upon Defendants.

48. Defendants were given a reasonable opportunity to cure their breaches described herein but failed to do so.

## CLASS REPRESENTATION ALLEGATIONS

49. Plaintiff LAWRENCE TORLIATT, brings this action under Fed. R. Civ. P. 23(b)(3) on behalf of the following classes of persons, subject to modification after discovery and case development:

**The California Class:**

All persons with a California address who paid a fee to Ocwen and/or PHH for making a loan payment by telephone, IVR, or the internet during the applicable statutes of limitations for Plaintiff's non-FDCPA claims through the date a class is certified.

**The Nationwide Class:**

All persons who were borrowers on residential mortgage loans that were not owned by PHH and to which PHH acquired servicing rights when such loans were 30 days or more delinquent on loan payment obligations, and paid a fee to PHH for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations for Plaintiff's FDCPA claim through the date a class is certified.

50. Class members are identifiable through Defendants' records and payment databases.

51. Excluded from the Classes are any class members who did not opt-out of the class action settlement in *McWhorter et al. v. Ocwen Loan Servicing, LLC*, Case No. 2:15-cv-01831 (N.D. Ala.); the Defendants; any entities in which Defendants have a controlling

interest; Defendants' agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

52. Plaintiff proposes that he serve as representative of the Classes.

53. Plaintiff and members of the Classes have all been harmed by the actions of Defendants.

54. Numerosity is satisfied. According to Defendants' servicing records there are likely thousands of members of the classes. Individual joinder of these persons is impracticable.

55. There are questions of law and fact common to Plaintiff and to the Classes, including, but not limited to:

    a. Whether Ocwen and PHH violated the Rosenthal Act by charging Pay-to-Pay fees to members of the California Class that were not expressly authorized by contract or permitted by law;

    b. Whether Ocwen and PHH violated the unlawful prong of the California Unfair Practices Act (Cal. Bus. & Prof. Code § 17000 *et. seq.*) by charging Pay-to-Pay fees to members of the California Class in violation of the Rosenthal Act;

    c. Whether PHH violated the FDCPA by charging Pay-to-Pay fees to Plaintiff and members of the Nationwide Class that were not expressly authorized by contract or permitted by law;

    d. Whether Ocwen and PHH breached their Deeds of Trust by charging Pay-to-Pay fees to members of the California Class;

    e. Whether Ocwen and PHH violated Fannie Mae's servicing guidelines as a sub-servicer by charging Pay-to-Pay fees to members of the California Class;

    f. Whether Ocwen's and PHH's cost of Pay-to-Pay transactions under its contract with Western Union is less than the amount it charged Plaintiff and members of the Classes for Pay-to-Pay fees;

    g. Whether Plaintiff and members of the Classes are entitled to actual and/or statutory damages as a result of Defendants' actions;

      h.   Whether Plaintiff and members of the California Class are entitled to an injunction prohibiting Defendants from collecting and attempting to collect Pay-to-Pay fees; and

      i.   Whether Plaintiff and members of the Classes are entitled to attorney's fees and costs.

56. Plaintiff's claims are typical of the claims of members of the Classes. Ocwen and PHH charged Plaintiff Pay-to-Pay fees in the same manner as the class members. Ocwen and PHH entered into a contract with Western Union to process the Plaintiff's and class members' Pay-to-Pay Transactions. Plaintiff and class members entered into uniform covenants in their Deeds of Trust that prohibit Pay-to-Pay charges. Alternatively, if Ocwen and PHH are allowed under the Deeds of Trust to charge Pay-to-Pay fees as a default-related fee, such amount is capped for Plaintiff and class members at the actual amounts disbursed by Ocwen or PHH to Western Union for the Pay-to-Pay Transactions, approximately $0.20 to $0.40 under Defendants' contracts with Western Union.

57. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of members of the Classes, and he will fairly and adequately protect the interests of members of the Classes. Plaintiff has taken actions before filing this complaint, by hiring skilled and experienced counsel, and by making a pre-suit demand on behalf of class members to protect the interests of the Classes.

58. Plaintiff has hired counsel that is skilled and experienced in class actions and is adequate class counsel capable of protecting the interests of the Classes.

59. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

60. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

**COUNT I AS TO DEFENDANTS' VIOLATIONS OF THE ROSENTHAL ACT**

**CAL. CIV. CODE §§ 1788** *et seq*

**(By Mr. Torliatt on behalf of California Class)**

61. The Rosenthal Act applies to Defendants because they regularly engage in debt collection within California. Cal. Civ. Code § 1788.2(c).

62. Mr. Torliatt purchased his home by residential mortgage for personal, family or household use and is a person who incurred a consumer debt. Cal. Civ. Code § 1788.2(e), (f).

63. By collecting Pay-to-Pay fees from Plaintiff and members of the California Class, Defendants collected an amount incidental to the principal obligation without the amount being expressly stated in the underlying loan agreement or permitted by law, conduct that is prohibited by Section 1692f(1) of the FDCPA.

64. The Rosenthal Act makes it illegal for any entity covered by it to engage in conduct prohibited by the FDCPA. Cal. Civ. Code § 1788.17. By engaging in conduct prohibited by the FDCPA, Defendants violated the Rosenthal Act.

65. Moreover, by collecting and attempting to collect Pay-to-Pay fees that were not otherwise permitted by law from Plaintiff and class members, Defendants violated the Rosenthal Act's prohibition against "(b) Collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14.

66. By assessing Pay-to-Pay fees, Defendants represented to Plaintiff and members of the California Class that their debts may be increased by the addition of the Pay-to-Pay fees, even though Pay-to-Pay fees may not be legally added to the existing obligation. These representations violated the Rosenthal Act's prohibition against representing that a consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

67. Defendants assessed the Pay-to-Pay fees against Plaintiff and members of the California Class knowingly and/or willfully. Ocwen has already been sued and settled a similar

action, and as an assignee of the Plaintiff's and California Class members' loans is bound with knowledge of the underlying mortgage loan agreements' terms, and has collected these amounts hundreds of thousands of times from class members in a scheme that cannot be accidental.

68. Ocwen violated the Rosenthal Act because it retains for itself a portion of the Pay-to-Pay fees it collects from California borrowers.

69. As a result of each and every violation of the Rosenthal Act, Plaintiff and members of the California Class are entitled to recover from Defendants any actual damages pursuant to Cal. Civ. Code § 1788.30(a), statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to California Civil Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

## COUNT II AS TO PHH'S VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT §§ 1692e, 1692f
### (By Mr. Torliatt on behalf of the Nationwide Class)

70. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he purchased a home in California by mortgage primarily for personal, family, or household use.

71. PHH is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another. Also, PHH took the assignment of Plaintiff's mortgage after it was more than 30 days past due, so none of the exceptions under 15 U.S.C. § 1692a apply.

72. PHH violated 15 U.S.C. § 1692f when it collected Pay-to-Pay fees not owed and not expressly authorized by the agreement creating the debt and in excess of the amount disbursed, inuring a benefit to PHH.

73. PHH violated 15 U.S.C. § 1692e(2)(A) when it misrepresented the amount, character, and status of the Plaintiff's mortgage debt.

74. As a result of PHH's violation of 15 U.S.C. §§ 1692e–f, Plaintiff was harmed monetarily and is entitled to actual damages, plus statutory damages under 15 U.S.C. § 1692k, together with reasonable attorney's fees and costs.

## COUNT III AS TO DEFENDANTS' VIOLATION OF THE "UNLAWFUL" PRONG OF THE CALIFORNIA UNFAIR PRACTICES ACT §§ 17000, 17200 *et seq* ("UCL")

**(By Mr. Torliatt on behalf of California Class)**

75. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

76. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

77. As described in detail above, Ocwen's conduct described herein violates the Rosenthal Act. PHH's conduct described herein violates the Rosenthal Act. These violations are sufficient to support Plaintiff's claim under the unlawful prong of the UCL.

78. As a result of the conduct above, Defendants have been unlawfully enriched at the expense of Plaintiff and members of the California Class by obtaining revenues and profits that it would not have otherwise obtained absent its unlawful conduct.

79. Through its unlawful acts and practices, Defendants have improperly obtained money from Plaintiff and the members of the California Class. As such, Plaintiff requests that the Court cause Defendants to restore the money to Plaintiff and members of the California Class, and to enjoin Defendants from continuing to violate the UCL in the future. Otherwise, Plaintiff and members of the California Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## COUNT IV AS TO DEFENDANTS' BREACH OF CONTRACT

**(By Mr. Torliatt on behalf of California Class)**

80. On or about December 14, 2005, Mr. Torliatt entered into a Deed of Trust with respect to his home.

81. When Ocwen and PHH became the servicer (sub-servicer) of Mr. Torliatt's loan, they became a party to the Deed of Trust with Mr. Torliatt by assignment from Mr. Torliatt's lender (or servicer). Thus, Defendants entered into a Deed of Trust with Mr. Torliatt whereby money was lent to Mr. Torliatt to purchase property in exchange for certain payment over time.

82. Defendants' demand for payment of Pay-to-Pay fees is a breach of the Deed of Trust, which does not delineate Pay-to-Pay fees as one of the many charges that the lender, or loan servicer acting on behalf of the lender, may charge. There is simply no provision in the mortgage that allows Defendants to collect Pay-to-Pay fees.

83. Defendants' demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 16 of the Deed of Trust: "This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located." *See* Exhibit A, ¶ 16. Federal debt collection law prohibits the collection of any amount incidental to the principle obligation unless that amount is *expressly* stated in the loan agreement. *See* 15 U.S.C. § 1692f(1) (making unlawful the "collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) **unless such amount is expressly authorized by the agreement creating the debt or permitted by law**." (emphasis added)). Ocwen's collection of Pay-to-Pay fees violated both the FDCPA and Rosenthal Act.

84. Defendants' demands for payment of Pay-to-Pay fees is a direct breach of Paragraph 14 of its Deed of Trust, "Uniform Covenants" section, stating that lender may not charge fees prohibited by "Applicable Law." The Agreement defines "Applicable Law" in Paragraph I as "all controlling applicable federal, state, and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." *See* Exhibit A, ¶ 14.

85. By charging the Pay-to-Pay fees in violation of the Rosenthal Act, Ocwen has violated Paragraph 14 of Plaintiff's Deed of Trust.

86. By charging Pay-to-Pay fees in violation of the FDCPA and Rosenthal Act, PHH has violated Paragraph 14 of Plaintiff's Deed of Trust.

87. To the extent that Defendants claim there is any allowance of fees to be charged under section 14 of the Mortgage Agreement, those charges are preference and limited to those charged when the borrower is in default. Even if the Pay-to-Pay fees were default-related fees, which they are not, Defendants' demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 9 of the Deed of Trust, "Protection of Lender's Interest in the Property and Rights

Under This Security Instrument" section, stating that only "amounts *disbursed* by the lender under this Section 9 will become debt of the borrower." *See* Exhibit A, ¶ 9 (emphasis added). Defendants collected more than the amount they disbursed to Western Union to process the Pay-to-Pay transactions.

88. Further, Fannie Mae's servicing guidelines, which Defendants must follow when sub-servicing Fannie Mae loans, do not allow the collection of any fees on routine borrower collections, including the Pay-to-Pay fees charged by Defendants. *See* Fannie Mae Servicing Guide A2-3-05 ("The servicer is not authorized to charge the borrower fees relating to the following activities: facilitating routine borrower collections.").

89. Because the "Governing Law" (¶16), "Protection of Lender's Interest in the Property and Rights Under This Security Instrument" (¶9), and "Applicable Law" (¶14) provisions are contained in the "Uniform Covenants" section, Ocwen has breached the contract on a class-wide basis.

90. Defendants' Uniform Covenants in its Deed of Trust proscribed fees not allowable under applicable law.

91. Fannie Mae's Servicing Guide, section A2-3-05, which must be adhered to by Defendants as the loan sub-servicer, prohibits all fees charged relating to routine borrower collections.

92. Defendants breached the contracts with Mr. Torliatt and members of the California Class when they charged Pay-to-Pay fees not agreed to in the Deed of Trust.

93. Alternatively, Defendants breached the contracts with Mr. Torliatt and members of the California Class when they charged Pay-to-Pay fees in excess of the amounts actually disbursed by Defendants to pay for the cost of the Pay-to-Pay Transactions.

94. Mr. Torliatt and members of the California Class have been harmed by this breach.

**JURY DEMAND AND RESERVATION OF PUNITIVE DAMAGES**

95. Plaintiff is entitled to and respectfully demands a trial by jury on all issues so triable.

96.  Plaintiff reserves the right to amend his Consolidated Class Action Complaint and add a claim for punitive damages.

## RELIEF REQUESTED

WHEREFORE Mr. Torliatt respectfully requests this Court enter judgment against Defendants for all of the following:

a. That Mr. Torliatt and all members of the Classes be awarded actual damages, including but not limited to all fees improperly charged and forgiveness of all amounts not properly owed;

b. That Mr. Torliatt and members of the Classes be awarded statutory damages;

c. That Mr. Torliatt and members of the Classes be awarded costs and attorney's fees;

d. That the Court enter an order that Defendants and its agents, or anyone acting on its behalf, are immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

e. That the Court issue an injunction restraining Defendants from future collections, and attempted collections, of Pay-to-Pay fees;

f. That the Court certify Mr. Torliatt's claims and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure; and

g. Such other and further relief as the Court may deem just and proper.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: February 14, 2020 |    /s/ Lee Lowther    |

Edwin Lee Lowther (*admitted pro hac vice*)
llowther@cbplaw.com
Hank Bates (SBN 167688)
hbates@cbplaw.com
Randall K. Pulliam (*admitted pro hac vice*)
rpulliam@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR, 72201
Tel. 501-312-8500
Fax 501-312-8505

Don F. Livornese (State Bar No. 125,934)
donl@ruyakcherian.com
RUYAK CHERIAN LLP
222 N. Pacific Coast Highway, Suite 2000
El Segundo, CA 90245
Tel. 310-586-7689

James Lawrence Kauffman
jkauffman@baileyglasser.com
BAILEY GLASSER, LLP
1055 Thomas Jefferson Street, NW Suite 540
Washington, DC 20007
Tel - (202) 463-2101

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

*/s/ Lee Lowther*
LEE LOWTHER