UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE TORLIATT,<br><br>　　Plaintiff,<br><br>　v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>　　Defendant. | Case No. 19-cv-04303-WHO<br><br>**ORDER DENYING MOTION TO STAY DISCOVERY; GRANTING MOTION TO SET CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 37, 38 |

Defendants PHH Mortgage Corporation and Ocwen Loan Servicing, LLC seek a stay of discovery until their pending motion to dismiss is resolved. *See* Dkt. No. 37. Plaintiff Lawrence Torliatt moves to set a Case Management Conference in this action given that one has not been set since stay was lifted following mediation. *See* Dkt. No. 38.[1]

The Federal Rules of Civil Procedure do not provide for stays of discovery simply because a motion to dismiss is pending. *Novelposter v. Javitch Canfield Grp.*, No. 13-CV-05186-WHO, 2014 WL 12618174, at *1 (N.D. Cal. May 23, 2014) (finding no good cause for staying discovery pending resolution of a motion to dismiss); *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery"). Although "[a] district court has broad discretion to stay discovery pending the disposition of a dispositive motion," courts have not looked favorably upon granting stays of discovery in these circumstances. *Hall v. Tilton*, No. 07-cv-3233-RMW, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010); *see In re Valence Tech. Sec.*

---

[1] The Case Management Conference set for November 5, 2019 was vacated when I granted parties' joint motion to stay all proceedings pending mediation. Dkt. No. 29. Mediation was unsuccessful and the stay was lifted on February 6, 2020. Dkt. No. 33.

1 *Litig.*, No. 94-cv-1542-SC, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994). The party seeking a stay must make a "*strong showing*" of "good cause" for its request. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (emphasis added); Fed. R. Civ. P. 26(c)(1).

In support of their motion to stay, defendants simply reassert arguments from their motion to dismiss and contend that there is a strong likelihood that their motion will be dispositive. This is not sufficient good cause to stay discovery pending resolution of their motion to dismiss.

Defendants' motion to stay discovery is DENIED. Plaintiff's motion to set a Case Management Conference is GRANTED. A Case Management Conference is set for April 15, 2020, along with the hearing on defendants' pending motion to dismiss. A joint case management statement should be filed by April 8, 2020

**IT IS SO ORDERED.**

Dated: March 13, 2020

William H. Orrick
United States District Judge

2