UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE TORLIATT,<br><br>  Plaintiff,<br><br> v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>  Defendant. | Case No. 19-cv-04303-WHO<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 36 |

    Plaintiff Lawrence Torliatt brings this putative class action against defendants Ocwen Loan Servicing, LLC ("Ocwen") and PHH Mortgage Corp. (collectively, "PHH"), alleging that they violated the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") by charging "Pay to Pay" convenience fees for paying his mortgage payments online or over the phone. Torliatt has adequately alleged that PHH violated Section 1692f(1) of the FDCPA, but not that PHH is a debt collector under the definition in the statute. However, he has alleged that PHH is a debt collector under the Rosenthal Act, which is broader than the FDCPA. Accordingly, PHH's motions to dismiss is GRANTED as to Torliatt's FDCPA claim, and DENIED with respect to his Rosenthal Act claim. Because Torliatt has adequately stated a violation of the Rosenthal Act, PHH's motion to dismiss his claims for violation of California's unfair competition law is DENIED. PHH's motion to dismiss the breach of contract claim is GRANTED.

## BACKGROUND

    Torliatt purchased a home on or around December 15, 2005. Dkt. No. 34, Amended Complaint ("Compl.") ¶ 28. His mortgage was serviced by Fannie Mae and sub-serviced by Ocwen. *Id.* ¶ 29. Effective June 2019, Torliatt's mortgage was transferred to PHH for servicing. *Id.* ¶ 34. Ocwen, and later PHH, charged Torliatt a $7.50 fee each time he made his mortgage

payment online. *Id.* ¶¶ 32, 39. This "convenience fee" or "Pay to Pay" fee is processed by Western Union, and costs Ocwen and PHH $.20 to $.40 per transaction. *Id.* ¶ 40. Torliatt contends that this fee breaches his Deed of Trust, the FDCPA, the Rosenthal Act, and California's unfair competition law ("UCL"). *Id.* ¶¶ 43-44, 79.

Torliatt filed this lawsuit against Ocwen on July 26, 2019. Dkt. No. 1. He filed another action against PHH on July 30, 2019, which I consolidated with this action on September 11, 2019. Dkt. No. 16. Both defendants moved to dismiss on March 6, 2020. Torliatt filed an opposition on March 27, and defendants filed a reply on April 8. Dkt. Nos. 43, 48.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure

2

deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

**I.    FDCPA CLAIM**

The FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C.A. § 1692f.  Section 1692f(1) specifically prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.*  Courts are required to liberally interpret the FDCPA in accordance with its remedial nature. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006).

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C.A. § 1692a(5).  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6).  Excluded from the term "debt collector" is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor." *Id.*

**A.    Whether assessment of convenience fees violates the FDCPA**

PHH asserts that the FDCPA does not prohibit its Pay to Pay fees because they were optional and because payment of the fee constituted a separate agreement that is permissible according to the FTC.  Dkt. No. 36 at 11-13.  It argues that the convenience fee was not a "debt"

3

under the FDCPA, nor was it incidental to the debt. *Id.* at 10.

PHH's arguments have been rejected by the majority of courts in this circuit that have addressed this question. Courts have noted that "[w]hile the Ninth Circuit has yet to determine whether an optional convenience fee is permissible under the FDCPA, the majority of district courts in the Ninth Circuit have held that similar fees violate the FDCPA." *Simmet v. Collection Consultants of California*, No. CV1602273BROPLAX, 2016 WL 11002359, at *5 (C.D. Cal. July 7, 2016) (collecting cases and rejecting arguments that convenience fee does not FDCPA because it was optional, constituted a separate agreement, and was not incidental to the debt). While one case in this circuit has found otherwise, *see Flores v. Collection Consultants of California*, No. SACV140771DOCRNBX, 2015 WL 4254032, at *10 (C.D. Cal. Mar. 20, 2015), most courts have rejected this reasoning and found that similar convenience fees violate the FDCPA, at least as a matter of pleading. *See Simmet*, 2016 WL 11002359, at *5; *Lindblom v. Santander Consumer USA, Inc.*, No. 1:15-CV-990-LJO-BAM, 2016 WL 2841495, at *6 (E.D. Cal. May 9, 2016); *Wittman v. CB1, Inc.*, No. CV15105BLGSPWCSO, 2016 WL 1411348, at *5 (D. Mont. Apr. 8, 2016), *report and recommendation adopted*, No. CV 15-105-BLG-BMM, 2016 WL 3093427 (D. Mont. June 1, 2016). I will follow the majority of cases in this circuit that have held that convenience fees may violate the FDCPA.

PHH also argues that the convenience fees are permitted by both federal and state law because they are not prohibited by any law. Dkt. No. 36 at 13-14. It points to the FTC's commentary to Section 1692f, which states that "[a] debt collector may establish an 'agreement' without a written contract. For example, he may collect a service charge on a dishonored check based on a posted sign on the merchant's premises allowing such a charge, if he can demonstrate that the consumer knew of the charge." Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act, 53 FR 50097-02. But as discussed above, courts in this circuit have rejected this argument and found that, as a matter of pleading, such claims are sufficient to survive a motion to dismiss.

More to the point, the FTC commentary cited by PHH provides that "[a] debt collector may attempt to collect a fee or charge in addition to the debt if . . . the contract is silent but the

4

charge is otherwise *expressly permitted* by state law." *Id.* (emphasis added).  Courts have found that, in the context of Section 1692f(1), a defendant must point to a provision of state law that permits such fees.  *See Lindblom*, 2016 WL 2841495, at *6-7; *Lindblom v. Santander Consumer USA Inc.*, No. 1:15-CV-0990-BAM, 2018 WL 500347, at *5-6 (E.D. Cal. Jan. 22, 2018); *McWhorter v. Ocwen Loan Servicing, LLC*, No. 2:15-CV-01831-MHH, 2017 WL 3315375, at *7 (N.D. Ala. Aug. 3, 2017).  PHH has not done so, nor does it argue that the loan contract expressly permits the fees.  Accordingly, Torliatt has adequately alleged a violation of Section 1692f(1).

### B. Whether PHH is a debt collector

PHH contends that Torliatt's FDCPA claim fails for the additional reason that it is not a debt collector under the definition set forth in the statute.  I agree.

The Complaint alleges that PHH is a debt collector because it regularly attempts to collect and does collect amounts owed or asserted to be owed or due another, and that the defendants "service mortgages throughout the United States."  Compl. ¶¶ 3, 71.  However, Torliatt's claims fail to state that PHH (or Ocwen) is a debt collector under the FDCPA because courts in this circuit widely consider mortgage servicers to be creditors and not "debt collectors" under Section 1692a(6)(F)(iii).  *Mohanna v. Carrington Mortg. Servs. LLC*, No. 18-CV-02563-WHO, 2018 WL 3730419, at *5 (N.D. Cal. Aug. 6, 2018) ("trustees . . . and mortgage servicers . . . do not generally engage in debt collection covered by the FDCPA when they take steps to enforce a security interest, including demands to make a loan current to avoid foreclosure."); *Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1211 (N.D. Cal. 2012), *aff'd sub nom. Jara v. Aurora Loan Servs., LLC*, 633 F. App'x 651 (9th Cir. 2016) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.") (citations omitted); *Distor v. U.S. Bank NA*, No. C 09-02086 SI, 2009 WL 3429700, at *5 (N.D. Cal. Oct. 22, 2009) (disagreed with on other grounds) (originator of loan that is attempting to collect its own debt is not debt collector, nor is loan servicer); *Villegas v. Wells Fargo Bank, N.A.*, No. 18-CV-00813-PJH, 2018 WL 2387856, at *3 (N.D. Cal. May 25, 2018) ("The safe harbor makes clear that mortgage lenders are not debt collectors within the meaning of

the FDCPA if they either originated the loan or began servicing the loan before it went into default.").

In addition, I am not persuaded that Torliatt properly alleged that PHH "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724 (2017) ("under the definition at issue before us you have to attempt to collect debts owed another before you can ever qualify as a debt collector"); *Villegas*, 2018 WL 2387856, at *5 ("even if Wells Fargo does not fall within one of the safe harbors because it acquired the debt after default, plaintiff still must allege it is a debt collector under one of the statute's affirmative definitions of the term."). The Complaint does not allege that the loans are owed to another entity other than PHH or Ocwen, and states only that Owen acquired PHH and transferred servicing its loan portfolio to PHH. Compl. ¶ 4. Moreover, the allegation that PHH is a debt collector is merely a recitation of the FDCPA definition of debt collector. *Id.* ¶ 71. This is not sufficient to establish that Torliatt's debt is owed to "another" within the FDCPA.

But even if Torliatt properly alleged that PHH regularly collects debts owed to another, he has not adequately demonstrated that PHH and/or Ocwen would not fall within the "safe harbor" exception of the statute, which excludes those that collect debts owed another that are not in default pursuant to Section 1692a(6)(F)(iii). Torliatt argues that at the time Ocwen transferred the mortgage to PHH, he was in default. Compl. ¶¶ 34-35, 71; Dkt. No. 43 at 7-8. That may well be immaterial: some recent authority indicates that mortgage servicers cannot qualify as debt collectors under the FDCPA regardless of when the debt went into default. *Curten v. Quality Loan Serv. Corp.*, No. CV1407934MMMPJWX, 2015 WL 12696215, at *5 (C.D. Cal. Mar. 16, 2015) ("Neither mortgage servicers nor trustees under a deed of trust are debt collectors under the FDCPA, even where – as Curten alleges – they took an assignment of the debt after it was in default"); *Ditech Fin., LLC v. Starfire Condo. Owners' Ass'n*, No. 216CV02758JADCWH, 2018 WL 4409370, at *3 (D. Nev. Sept. 17, 2018); *Patterson v. Select Portfolio Servicing*, No. 17CV01049PSGPLA, 2017 WL 10591753, at *2 (C.D. Cal. Nov. 13, 2017); *but see Babadjanian v. Deutsche Bank Nat'l Tr. Co.*, No. CV1002580MMMRZX, 2010 WL 11549894, at *5 (C.D. Cal.

6

Nov. 12, 2010) ("If a lender or loan servicer acquires an interest in a debt after it is in default, however, it is considered a "debt collector" under the statute").

Even if I ignored that authority, this cause of action fails for a separate reason: the Complaint and the documents that it cites do not support Torliatt's assertion that he was in default when PHH began servicing the loan. On this issue, both parties point to the notice sent to Torliatt on April 16, 2019, which stated that PHH was the new servicer and provided the amounts of unpaid balance. Dkt. No. 24-1 at 27-39; Dkt. No. 36 at 18-19.[1] This letter did not state that Torliatt was in default. *Id.*

Torliatt asserts that because amounts were owing, including amounts for late fees and other charges, he was in default. Dkt. No. 43 at 14. He cites no case law for this position. Having amounts owing on a balance does not amount to being in default. *See Amelina v. Manufacturers & Traders Tr. Co.*, No. 14CV1906 WQH (NLS), 2015 WL 7272224, at *7 (S.D. Cal. Nov. 17, 2015) ("Courts have held that 'a debt that is merely outstanding' is not a 'debt that is in default.'"). "Because the FDCPA does not define "default," district courts employ the definition set forth in the parties' contract, at least where the contractual definition is unambiguous, to determine whether the debt at issue was in default when assigned." *Moen v. Merrick Bank Corp.*, No. C 07-0574 MMC, 2007 WL 1381411, at *1 (N.D. Cal. May 7, 2007). The Deed of Trust similarly does not define "default," but it does require the lender to provide formal notice of default, as well as the action required to cure it and the borrower's rights. Dkt. No. 24-1 at 23. Torliatt has not alleged that he ever received such a notice or otherwise was considered in default as defined by the terms of the note. Accordingly, he has not established that PHH would fall within the exception to the term debt collector. *See Jara*, 852 F. Supp. 2d at 1211 (mortgagee did not default on loan until he received notice of default).

To plead that PHH is a debt collector under the FDCPA, Torliatt must allege both that it satisfies the affirmative definition of "debt collector" and that it does not fall within the exclusion or safe harbor of Section 1692a(5)(F)(iii). Because he has done neither, his FDCPA claim fails.

---

[1] This document is incorporated into the Complaint by reference. *See* Compl. ¶¶ 35-38.

## II.     ROSENTHAL ACT AND UCL CLAIMS

The Rosenthal Act's definition of "debt collector" is broader than that of the FDCPA, and courts have found that mortgage servicers are debt collectors that undertake debt collection under this statute. *O'Connor v. Wells Fargo, N.A.*, No. C-14-00211 DMR, 2014 WL 4802994, at *7 (N.D. Cal. Sept. 26, 2014) ("a mortgage servicer may be a 'debt collector' under the Rosenthal Act even if it is the original lender, whereas, such an entity would be excluded from the definition of debt collector under the federal act."); *Sudhir v. PHH Mortg. Corp.*, No. C 16-06088 WHA, 2017 WL 219681, at *2 (N.D. Cal. Jan. 19, 2017) (PHH and other mortgage servicing companies may be a debt collector under the Rosenthal Act, even if not under the FDCPA); *Sanders v. LoanCare LLC*, No. 18-CV-09376, 2019 WL 441964, at *4 (C.D. Cal. Feb. 1, 2019) ("a mortgage servicer who engages in 'the act or practice of collecting money, property or their equivalent' in an attempt to obtain repayment of mortgage debt may be considered a "debt collector" under the Rosenthal Act."); *Patera v. Citibank, N.A.*, 79 F. Supp. 3d 1074, 1090 (N.D. Cal. 2015). Similarly, a mortgage is a "consumer debt" and the mortgagee is a debtor. *Castillo v. Nationstar Mortg. LLC*, No. 15-CV-01743-BLF, 2016 WL 6873526, at *5 (N.D. Cal. Nov. 22, 2016) ("A mortgage on a single family home, which is at issue in this case, is a consumer debt, and the Castillos are debtors on that mortgage").[2] Torliatt's allegations that PHH was a debt collector under the Rosenthal Act, while thin, suffice to state a claim under the Rosenthal Act.

In addition, courts have found that adequately-alleged violations of Section 1692f(1) are sufficient to plead violations of the Rosenthal Act. *Simmet*, 2016 WL 11002359, at *7; *Lindblom*, 2016 WL 2841495, at *7. Indeed, many courts have found that the convenience fees as alleged here adequately state causes of action under the Rosenthal Act where they state claims under the FDCPA. *Id.* Those cases are on point because while PHH is not a debt collector for purposes of the FDCPA claim, it is one under the Rosenthal Act.

As PHH admits, Torliatt's UCL claims rise and fall with his Rosenthal Act claim. Dkt. No. 36 at 22. Therefore, he has also adequately stated a cause of action pursuant to the UCL.

---

[2] PHH's argument that the debt at issue is the convenience fee is not persuasive. Dkt. No. 36 at 20. The underlying debt at issue is Torliatt's mortgage loan.

### III. BREACH OF CONTRACT CLAIM

PHH argues that Torliatt has not adequately alleged a breach of contract claim because nothing in the Deed of Trust prohibits the use of convenience fees. Dkt. No. 36 at 23. Torliatt contends that PHH breached paragraph 14 of the Deed of Trust, which states that "Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law." Dkt. No. 43 at 19. The Deed of Trust defines "Applicable Law" as "all controlling applicable federal, state, and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Dkt. No. 34-1 at 3.

Torliatt has not adequately alleged that PHH has violated a provision expressly prohibited by "Applicable Law" such that it is in breach of the Deed of Trust. He takes the position that, if he can adequately allege that PHH violated any law, he may allege a breach of contract. Dkt. No. 43 at 19. But the Deed of Trust describes only fees that are "expressly prohibited." As discussed above, it is not entirely settled whether convenience fees violate the FDCPA or the Rosenthal Act. At a minimum, Torliatt has not shown that the convenience fees are "expressly prohibited" by these statutes.[3] Accordingly, his breach of contract claim is dismissed.

### IV. PERSONAL JURISDICTION

PHH argues that I should dismiss the claims of non-resident class members for lack of personal jurisdiction pursuant to *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Dkt. No. 36 at 24-25. But as it acknowledges, I have rejected the applicability of Bristol-Myers Squibb to class actions. *Allen v. ConAgra Foods, Inc.*, No. 3:13-cv-01279-WHO, 2018 WL 6460451, at *4 (N.D. Cal. Dec. 10, 2018), *on reconsideration*, No. 3:13-cv-01279-WHO, 2019 WL 5191009 (N.D. Cal. Oct. 15, 2019). I decline to reconsider this analysis.

---

[3] In its reply, PHH argues for the first time that PHH and Ocwen were not parties to the Deed of Trust and therefore cannot be held liable for a breach of that agreement. Dkt. No. 48 at 14. This argument is improperly raised for the first time on reply. However, I note that other than a bare bones allegation that PHH became a party to the contract by assignment, Torliatt has not pointed out how or why PHH would be liable for breach of contract even though it was not a signatory to the Deed of Trust.

**CONCLUSION**

For the above reasons, PHH's motion to dismiss is GRANTED IN PART AND DENIED IN PART. Torliatt's FDCPA and breach of contract claims are DISMISSED WITHOUT PREJUDICE. Torliatt shall file an amended complaint by May 1, 2020.

**IT IS SO ORDERED.**

Dated: April 17, 2020

William H. Orrick
United States District Judge