UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE TORLIATT,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | Case No. 19-cv-04303-WHO<br><br>**ORDER DENYING MOTION TO STAY PENDING RESOLUTION OF APPEAL IN RELATED CASE**<br><br>Re: Dkt. No. 111 |

In this action, plaintiff Lawrence Torliatt sues defendants Ocwen Loan Servicing, LLC ("Ocwen") and PHH Mortgage Corporation (collectively "PHH"), alleging that they violated the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and the California Unfair Competition Law ("UCL") by charging "pay-to-pay" convenience fees for paying his mortgage payments online or over the phone. This case is well underway with fact discovery complete, expert discovery nearly complete, and Torliatt's class certification motion filed and set to be heard on September 22, 2021. Before me is PHH's motion to stay proceedings pending the Ninth Circuit's resolution of *Thomas-Lawson v. Carrington Mortg. Servs., LLC* ("*Carrington*"), No. 220CV07301ODWEX, 2021 WL 1253578, at *3 (C.D. Cal. Apr. 5, 2021), *appeal filed* No. 21-55459 (9th Cir. 2021) on grounds that the plaintiffs in that case asserted materially similar claims that were dismissed and the legal viability of those claims is now before the Ninth Circuit.[1]

PHH fails to carry its heavy burden of demonstrating that the Ninth Circuit's resolution of the *Carrington* appeal will materially simplify the issues in this case. The *Carrington* appeal does not address Torliatt's claim that PHH violated provisions of the Rosenthal Act that are

---

[1] I found this motion suitable for decision without oral argument and vacated the hearing scheduled for July 14, 2021. *See* Civ. L. R. 7-1(b).

independent of the federal Fair Debt Collection Practices Act ("FDCPA"). PHH also fails to show that it will suffer hardship or inequity in being required to go forward. On the other hand, Torliatt raises legitimate concerns with staying this case given his allegations of ongoing and future harm, for which he seeks injunctive relief. For these reasons, PHH's motion to stay is DENIED.

## BACKGROUND

My previous orders summarize the background of this case, which I incorporate by reference here. *See* Order Regarding Defendants' Motion to Dismiss ("First MTD Order") [Dkt. No. 49]; Order Regarding Motion to Dismiss and Motion to Reconsider ("Second MTD Order") [Dkt. No. 62]; Order Regarding Motion for Order Under All Writs Act, Motion to Appoint Counsel, and Motion to Stay ("MTS Order") [Dkt. No. 93]. In sum, Torliatt purchased a home on or around December 15, 2005. Second Amended Complaint ("SAC") [Dkt. No. 50] ¶ 31. His mortgage was serviced by Fannie Mae and sub-serviced by Ocwen. *Id.* ¶ 32. In April 2019, Torliatt's mortgage was transferred to PHH for servicing. *Id.* ¶ 37. Ocwen, and later PHH, charged Torliatt a $7.50 fee when he made his mortgage payment online. *Id.* ¶¶ 35, 51–52. This "convenience fee" or "Pay-to-Pay" fee is processed by Western Union, and costs Ocwen and PHH $.20 to $.40 per transaction. *Id.* ¶ 57.

In the First MTD Order, I found that Torliatt adequately alleged that PHH violated section 1692f(1) of the FDCPA, but not that PHH is a debt collector under the definition in the FDCPA. First MTD Order at 3–7. The FDCPA claim was dismissed with leave to amend. *Id.* at 7. Torliatt also failed to state a cause of action for breach of contract. *Id.* at 9. However, I found that he adequately stated claims under California's Rosenthal Act and UCL. *Id.* at 8

Torliatt filed a SAC, which re-asserted claims for violations of the Rosenthal Act, the FDCPA, the UCL, and for breach of contract. He subsequently voluntarily dismissed his causes of action for violations of the FDCPA and for breach of contract. In the Second MTD Order, as I held in the First MTD Order, I found that Torliatt adequately stated a claim under the Rosenthal Act, and thus also under the UCL. Second MTD Order at 3–5. The Rosenthal Act and UCL claims proceeded past the pleadings stage. Along with its second motion to dismiss, PHH also requested that I certify two issues for interlocutory appeal to the Ninth Circuit: (i) whether

2

convenience fees may violate section 1692f(1) of the FDCPA and (ii) whether a plaintiff may bring a claim pursuant to the Rosenthal Act where it is not a "debt collector" under the FDCPA. PHH's motion was denied. *Id.* at 5–7.

A few months later, the parties filed a series of motions in light of a proposed class action settlement in the Southern District of Florida that is premised upon the same allegedly wrongful conduct committed by PHH and the pay-to-pay fees. *See Morris v. PHH Mortgage Corporation*, Case No. 20-60633-CIV-SMITH (S.D. Fla.) ("*Morris* action"). Torliatt sought to challenge the *Morris* settlement and brought a motion for an order under the All Writs Act and a motion to appoint counsel, seeking several forms of relief that he argued were necessary to object to the *Morris* settlement. I denied his All Writs Act motion, but granted his interim motion to appoint class counsel as "necessary to protect the interests of the putative [California] class in this case, because a large portion of the putative class will be affected by the Morris settlement." MTS Order at 6 (internal quotation mark omitted). PHH also moved to stay this matter in light of the *Morris* settlement, which I denied as premature but allowed it to file another motion to stay "[s]hould Torliatt's motions in the *Morris* action be denied and the settlement approved." *Id.* at 8.[2]

Since then, the parties engaged in fact discovery, which was cutoff on April 22, 2021. Torliatt filed his class certification motion set to be heard on September 22, 2021. On June 7, 2020, PHH moved to stay pending the Ninth Circuit's resolution of *Carrington*.

**LEGAL STANDARD**

"A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). The Ninth Circuit has set out the following framework for evaluating whether a *Landis* stay is proper:
> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are

---

[2] On October 29, 2020, the *Morris* court denied Torliatt's motion to intervene. *See Morris action*, Dkt. No. 91. The court has yet to rule on the pending motion for preliminary approval of the class action settlement.

3

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 1110 (citing *Landis*, 299 U.S. at 268).

When weighing the relevant interests, the court must be mindful that "if there is even a fair possibility that the stay for which he prays will work damage to someone else," the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Lockyer*, 398 F.3d at 1112. "Only in rare circumstances will a litigant in one cause be compelled to step aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* at 1109–10 (citing *Landis*, 299 U.S. at 255). Moreover, "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Id.* at 1112.

## DISCUSSION

In the interest of judicial economy, a stay may be granted pending the outcome of other legal proceedings related to the case. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). The exercise of discretion is appropriate when the resolution of another matter will have a direct impact on the issues before the court, substantially simplifying issues presented. *Mediterranean Enters v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983); *see also Rutledge v. Arizona Bd. of Regents*, 859 F.2d 732, 736 (9th Cir. 1988) ("[I]t is appropriate in some cases, and not uncommon, for one forum to stay proceedings pending the outcome in another forum."). PHH asks that I stay all proceedings in this case pending the Ninth Circuit's resolution of an appeal in *Carrington*, a Central District of California case that similarly challenges convenience fee practices of another mortgage loan servicing company and where the district court dismissed all claims.

The plaintiffs in *Carrington* brought claims under the FDCPA, the Rosenthal Act, the UCL, and various other state statutes in Maryland and Texas. *See Carrington*, 2021 WL 1253578, at *3. Carrington moved to dismiss the FDCPA claim on grounds that: (i) plaintiffs failed to allege Carrington is a "debt collector"; (ii) the alleged fees were not "incidental" to plaintiffs' mortgage debts; and (iii) the alleged fees were "permitted by law." *Id.* The court ruled in the

plaintiffs' favor on the first issue and recognized an "apparent split in authority" with respect to the second issue. *Id.* at *4–5.[3] Ultimately, the court found that it "need not conclude whether Carrington's pay-for-pay fees are incidental to Plaintiffs' mortgage debts, as such a determination would not dispose of Plaintiffs' claims in any event." *Id.* Rather, the dismissal of the FDCPA claim turned on the plaintiffs' inability to allege that the convenience fees were not otherwise "permitted by law."

Carrington argued that the convenience fees were otherwise "permitted by law" because they are the subject of valid, separate agreements into which the plaintiffs "freely and lawfully entered." *Id.* Plaintiffs disagreed, asserting that the "only logical reading of [section 1692f(1)] is to prohibit such separate agreements." *Id.* at *6. The court held that "[n]othing in the FDCPA . . . prohibits [Carrington] from offering to enter into a new contract with the debtor, *i.e.*, [for] the added convenience of paying by phone." *Id.* (quoting *Lish v. Amerihome Mortg. Co.*, LLC, No. 2:20-CV-07147-JFW-JPR(x), 2020 WL 6688597, at *8 (C.D. Cal. Nov. 10, 2020)). It criticized plaintiffs for attempting to "rely on an incorrect legal theory that pay-to-pay fees *per se* violate" the FDCPA, when, in fact, "they do not." *Id.*[4]

Based on its FDCPA analysis, the court also dismissed all state law claims, finding that "[p]laintiffs' remaining claims are asserted under various state law statutes and mimic or rely on the alleged FDCPA claim." *Id.*; *see id.* ("As already explained in the context of the claims above, these remaining claims incorrectly presuppose that pay-to-pay fees are prohibited by the FDCPA,

---

[3] The court cited cases, including my First MTD Order in this case, that have rejected *Flores v. Collection Consultants of Cal.*, No. SA CV 14-0771-DOC (RNBx), 2015 WL 4254032, at *10 (C.D. Cal. Mar. 20, 2015), which held that convenience fees are "not incidental" to the principal obligation." *Carrington*, 2021 WL 1253578, at *5; *see Simmet v. Collection Consultants of Cal.*, No. CV 16-02273-BRO (PLAx), 2016 WL 11002359, at *6 (C.D. Cal. Jul. 7, 2016) (declining to follow *Flores* because "it is unnecessary to determine whether the alleged . . . convenience fee is incidental to the underlying debt"); *Torliatt v. Ocwen Loan Servicing, LLC*, No. 19-cv-04303-WHO, 2020 WL 1904596, at *2 (N.D. Cal. Apr. 17, 2020) ("[M]ost courts have rejected [*Flores*] and found that similar convenience fees violate the FDCPA, at least as a matter of pleading.").

[4] I, along with other judges in California, have interpreted "permitted by law" differently. *See Torliatt*, 2020 WL 1904596, at *3. "While the Ninth Circuit has yet to determine whether an optional convenience fee is permissible under the FDCPA, the majority of district courts in the Ninth Circuit have held that similar fees violate the FDCPA." *Simmet*, 2016 WL 11002359, at *5 (collecting cases and rejecting arguments that convenience fee does not FDCPA because it was optional, constituted a separate agreement, and was not incidental to the debt).

the RFDCPA, the TDCA, and the MCDCA, but they are not. [citation omitted]. This includes Plaintiffs' UCL claim, which relies exclusively on the UCL's 'unlawful' prong.'").

In this case, Torliatt only brings Rosenthal Act and UCL claims. His Rosenthal Act claims are brought under three different provisions of the Rosenthal Act: (i) the FDCPA tie-in provision under section 1788.17; (ii) section 1788.14(b), which prohibits collection of a "debtor collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law," Cal. Civ. Code § 1788.14; and (iii) section 1788.13(e), which prohibits representing that a consumer debt "may be increased by the addition of . . . charges, if in fact, such fees and charges may not be legally added to the existing obligation," Cal. Civ. Code § 1788.13(e). Torliatt argues that unlike the FDCPA provision discussed in *Carrington*, section 1788.14(b) of the Rosenthal Act is a law that expressly prohibits collecting any fee for a debt collector's debt-collection service. Accordingly, he contends, the *Carrington* court's determination that "Plaintiffs cannot rely on 1692f(1) [of the FDCPA] to establish that the pay-to-pay fees are prohibited by law" leaves wholly untouched his claim that section 1788.14(b) of the Rosenthal Act does prohibit the collection of pay-to-pay fees. *Carrington*, 2021 WL 1253578, at \*6.

In response, PHH points out that the plaintiffs in *Carrington* alleged the exact same Rosenthal Act provisions as Torliatt, including section 1788.14(b). *Compare* SAC ¶¶ 81–83 *with* Exhibit 1 attached to PHH's reply brief (*Carrington* Compl. ¶¶ 192–96). The two complaints appear similar in that sense. But, notably, when the *Carrington* court resolved the Rosenthal Act claim, it said that the plaintiffs "concede that '[b]ecause [the asserted state] statutes are identical to the FDCPA, the parties agree that . . . the analysis of whether Carrington violated [section]1692f(1) of the FDCPA and its state analogues is the same.'" *Carrington*, 2021 WL 1253578, at \*6. Therefore, the *Carrington* court did not specifically address the Rosenthal Act claim under section 1788.14(b).

Section 1788.14(b) of the Rosenthal Act and the FDCPA tie-in provision in section 1788.17 are separate. *See Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667 JCS, 2011 WL 30759, at \*19 (N.D. Cal. Jan. 3, 2011) ("*In addition to setting forth its own standards* governing

debt-collection practices, the Rosenthal Act also provides that, with limited exceptions, 'every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of' the federal [FDCPA].") (quoting Cal. Civ. Code § 1788.17) (emphasis added). Multiple California federal court decisions have addressed section 1788.14(b) and the FDCPA tie-in provision in section 1788.17 separately and found that Rosenthal Act claims can be sustained under either provision, as Torliatt cites.

For example, in *DiFlauro v. Bank of Am.*, N.A., No. CV 20-5692 DSF (SKX), 2020 WL 10111966, at *5 (C.D. Cal. Dec. 2, 2020), the court recognized that the plaintiffs' Rosenthal Act claim included an allegation that the defendant "violated a separate provision of the Rosenthal Act that forbids debt collectors from passing on the costs of collection to borrowers." "Because [the defendant's] convenience fee is a charge for providing online and phone-based collection services, and is not expressly authorized by *some state or federal statute or regulation*," the court found the "Rosenthal Act claim based on section 1788.14(b) [was] sufficiently pled[ed]." *Id.* (emphasis added); *see also Corona v. PNC Fin. Servs. Grp., Inc.*, No. 220CV06521MCSSPX, 2021 WL 1218258, at *4 (C.D. Cal. Mar. 16, 2021) (recognizing that plaintiffs "assert[ed] three theories under the [Rosenthal Act]" and separately finding each theory plausibly pleaded, including a claim under section 1788.14); *Lembeck v. Arvest Cent. Mortg. Co.*, 498 F. Supp. 3d 1134, 1137 (N.D. Cal. 2020) (denying dismissal of the plaintiffs "claim under a *separate* provision of the Rosenthal Act that forbids debt collectors from passing on the costs of collection to borrowers" because the fee at issue was a charge for providing the collection service "and for the reasons just discussed [with respect to the FDCPA], is not 'permitted by law'") (citing Cal. Civ. Code § 1788.14(b)) (emphasis added); *Langston v. Gateway Mortg. Grp., LLC*, No. 520CV01902VAPKKX, 2021 WL 234358, at *4 (C.D. Cal. Jan. 15, 2021) (same).

In the Second MTD Order in this case, when Torliatt voluntarily dismissed his FDCPA claim and the Rosenthal and UCL claims remained, PHH argued that "a plaintiff may not bring a cause of action under the Rosenthal Act unless she can bring a claim pursuant to the FDCPA." Second MTD Order at 3. I rejected that argument because courts in this District and California courts "regularly allow Rosenthal Act claims to proceed absent accompanying FDCPA claims".

7

*See id.* at 3–4. Specifically, I found that mortgage lenders and servicers may be considered to be "debt collectors" under the Rosenthal Act even if they would not fit within the FDCPA's narrower definition of "debt collectors". *Id.* Although my order specfically addressed the "debtor collector" requirement and not the "permitted by law" requirement that the *Carrington* court focused on, the overall point is that violations of the FDCPA and the Rosenthal Act (outside the FDCPA tie-in provision) are separate.

Based on these considerations, I find that PHH has failed to show that a stay would serve the interest of judicial economy. Were the Ninth Circuit to affirm the *Carrington* decision that federal law does not prohibit the collection of pay-to-pay fees, the question would remain whether PHH's conduct violates the Rosenthal Act's prohibition under section 1788.14(b) of the Rosenthal Act. That is, regardless of whether the Ninth Circuit affirms the *Carrington* court's opinion that the FDCPA does not *per se* prohibit convenience fees, that would not impact Torliatt's claim as it relates to section 1788.14(b) of the Rosenthal Act.

Even if the factual similarities between this case and *Carrington* "could weigh in favor of a stay," the analysis does not end there. *See Salinas v. City of San Jose*, No. 5:09-CV-04410 EJD, 2012 WL 2906052, at *3 (N.D. Cal. Jul. 13, 2012) (finding "the requisite inquiry requires more than merely looking to factual overlap between cases, and the remaining relevant factors outweigh the similarities identified by [the moving party]"). PHH fails to meet its burden to "make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

PHH acknowledges that fact discovery in this action is complete, expert discovery is nearly complete, and all that remains are briefing on class certification and dispositive motions and a possible trial. But it claims that proceeding without the Ninth Circuit's guidance in *Carrington* would prejudice it and could result in significant waste of resources. At the same time, it does not dispute that the proof required for the Rosenthal Act claims independent of the FDCPA (section 1788.14 claim), and those premised on the FDCPA (section 1788.17 claim), will be identical, so a stay will not necessarily conserve resources. *See O'Neil-Rosales v. Citibank (S. Dakota) N.A.*, 11 Cal. App. 5th Supp. 1, 7 (Cal. App. Dep't Super. Ct. 2017) (describing the elements of a FDCPA claim and finding "[s]imilar facts must be proved to prevail on a claim

8

under the [Rosenthal Act], which precludes a debt collector from collecting or attempting to collect from a debtor on a consumer debt in a threatening or harassing manner") (citing Cal. Civ. Code, §§ 1788.10-1788.12, 1788.14-1788.16.). Incurring the costs of defending a suit, without more, does not constitute a clear case of hardship or inequity. *See Lockyer*, 398 F.3d at 1112.

And Torliatt raises legitimate concerns about granting a stay. PHH argues that I should not consider speculative harm to putative class members. *See Morales v. Lexxiom, Inc.*, No. CV 09-6549 SVW (DTBx), 2010 WL 11507515, at *12 (C.D. Cal. Jan. 29, 2010) ("Because the members of the putative class are not yet under this Court's jurisdiction (as Plaintiffs have not yet moved for class certification) improper for the Court to decide these motions on the basis of speculative harm to non-parties."). But unlike plaintiff in *Morales*, Torliatt has moved for class certification. Even if I do not consider harm to class members, the harm to Torliatt is sufficient. Torliatt asserts that PHH will continue to collect pay-to-pay fees, fees which he contends are illegal under California law even if the conduct does not also violate section 1692f(1) of the FDCPA and (in turn) the tie-in provision section 1788.17 of the Rosenthal Act. A delay in the grant of injunctive relief weighs against a stay where a plaintiff alleges ongoing and future harm. *See Lockyer*, 398 F.3d at 1110–12.

In consideration of the case law and the competing interests at issue, I find that my discretion is best exercised to DENY PHH's request for a stay at this time. If the class is certified only under the FDCPA tie-in provision, section 1788.17 of the Rosenthal Act, and the Ninth Circuit has not decided *Carrington* by then, PHH may have better results with a renewed motion to stay.

## CONCLUSION

For the foregoing reasons, PHH's motion to stay proceedings is DENIED.

**IT IS SO ORDERED.**

Dated: July 14, 2021

William H. Orrick
United States District Judge

9