1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

*San Francisco Division*

| | |
|---|---|
| LAWRENCE TORLIATT,<br>on behalf of himself and<br>all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING,<br>LLC,<br>Defendant. | Case No. 3:19-cv-04303-WHO<br><br>**[PROPOSED] ORDER GRANTING**<br>**UNOPPOSED MOTION FOR**<br>**PRELIMINARY APPROVAL OF**<br>**SETTLEMENT**<br><br>The Honorable William H. Orrick |

CONSOLIDATED WITH:

Lawrence Torliatt v. PHH Mortgage
Corp., Case No. 3:19-cv-04356-WHO

Plaintiff Lawrence Torliatt ("Plaintiff" or "Torliatt"), has moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Settlement Agreement and Release dated June 27, 2022 (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement (the "Settlement") of the above referenced action (the "Action"). Upon consideration of the Settlement Agreement, including all exhibits thereto, Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Incorporated Memorandum of Law, the Court, for the reasons set forth herein, GRANTS preliminary approval of the Settlement, GRANTS conditional decertification of the previously certified litigation Class and GRANTS preliminary certification of the Settlement Class for settlement purposes only, and APPROVES the proposed notice plan.

## I.    BACKGROUND

In July 2020, Plaintiff commenced two, separate putative class actions: *Lawrence Torliatt v. Ocwen Loan Servicing, LLC.*, No. 3:19-cv-04303-WHO (N.D. Cal.) (the "Ocwen Action"), and *Lawrence Torliatt v. PHH Mortgage Corp.*, Case No. 3:19-cv-04356-WHO (N.D. Cal.) (the "PHH Action", together with the Ocwen Action the "Related Actions"). The Related Actions were consolidated under Case Number 3:19-cv-04303 (the "Action") (Doc. 14).

On October 16, 2019, the Parties moved to stay the Action while they attempted early mediation to resolve the case (Doc. 28). The Parties were unable to resolve the Action at that time.

On February 14, 2020, Torliatt filed an Amended Consolidated Class Action Complaint (the "Amended Complaint") against Defendant PHH Mortgage Corporation ("PHH"), individually and as successor by merger to defendant Ocwen Loan Servicing, LLC ("Ocwen"), (together with PHH the "PHH Defendants,") (Doc. 34). The Amended Complaint asserts four claims against the PHH Defendants: (1) violation of the federal Fair Debt Collection Practices Act ("FDCPA"), (2) violation of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq.*, (3) violation of the California Unfair

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:19-CV-04303-WHO

Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*., and (4) breach of contract. More specifically, the Amended Complaint alleges that the PHH Defendants violated the FDCPA, the Rosenthal Act and the UCL, as well as breached their contracts, by collecting Convenience Fees from borrowers when they paid their mortgage payments online or over the phone.

Following consolidation, the PHH Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on March 6, 2020 (Doc. 36). On March 27, 2020, Plaintiff filed his Opposition to PHH Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 43). And, on April 8, 2020, the PHH Defendants filed a reply brief in further support of their Motion to Dismiss (Doc. 48). On April 17, 2020, this Court entered an order granting in part and denying in part the Motion to Dismiss (Doc. 49), permitting two of the four claims to proceed.

During the pendency of the Motion to Dismiss, the PHH Defendants filed a Motion to Temporarily Stay Discovery and Case Management Deadlines Until After Resolution of Pending Motion to Dismiss and Incorporated Memorandum of law (Doc. 37), which this Court denied on March 13, 2020 (Doc. 39).

On May 1, 2020, Plaintiff filed a Second Amended Consolidated Class Action Complaint ("Second Amended Complaint") (Doc. 50). On May 15, 2020, the PHH Defendants filed (i) a Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 54), and (ii) a Motion for Leave to File a Motion for Reconsideration and, in the Alternative, for Conditional Certification of an Interlocutory Appeal, with Accompanying Memorandum of Points and Authorities (Doc. 55).

On May 29, 2020, Plaintiff filed (i) a Notice of Voluntary Dismissal of Counts II and IV of the Second Amended Complaint (Doc. 56), (ii) an Opposition to the PHH Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 57); and (iii) a Response to the PHH Defendants' Motion for Leave to File a Motion for Reconsideration and, in the Alternative, for Conditional Certification of an Interlocutory Appeal (Doc. 58).

On June 5, 2020, the PHH Defendants filed (i) a Reply in Further Support of their Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 59), and (ii) a Reply in Further Support

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:19-CV-04303-WHO

of their Motion for Leave to File a Motion for Reconsideration and, in the Alternative, for Conditional Certification of an Interlocutory Appeal (Doc. 60).

On June 22, 2020, this Court entered an order denying the PHH Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and denying the PHH Defendants' Motion for Leave to File a Motion for Reconsideration and, in the Alternative, for Conditional Certification of an Interlocutory Appeal (Doc. 62). On July 6, 2020, the PHH Defendants filed their Answer to the Second Amended Complaint (Doc. 63).

On August 21, 2020, Plaintiff filed a Motion for Order Under the All Writs Act and Incorporated Memorandum of Law (Doc. 66). On that same date, Plaintiff filed a Motion to Appoint Interim Class Counsel under Rule 23(g) and Incorporated Memorandum of Law (Doc. 68).

On August 28, 2020, the PHH Defendants filed a Motion to Stay Class Related Proceedings and Incorporated Memorandum of Law (Doc. 72), and a Motion to Consolidate Hearing on Motions and Adjust Briefing Schedule Accordingly (Doc. 73).

On September 4, 2020, the PHH Defendants filed an Opposition to Plaintiff's Motion for Order Under All Writs Act (Doc. 75), and an Opposition to Plaintiff's Motion to Appoint Interim Class Counsel (Doc. 76).

On September 8, 2020, Plaintiff filed a Reply in Further Support of his Motion for Order Under All Writs Act (Doc. 78), and a Response to Defendant PHH's Motion to Consolidate Hearing (Doc. 80).

On September 9, 2020, the Court granted Defendant PHH's Motion to Consolidate Hearing (Doc. 85).

On September 11, 2020, Plaintiff filed an Opposition to the PHH Defendants' Motion to Stay Class Related Proceedings (Doc. 87), and a Reply in Further Support of Motion to Appoint Interim Class Counsel Under Rule 23(g) (Doc. 89).

On September 19, 2020, the PHH Defendants filed a Reply in Further Support of their Motion to Stay Class Related Proceedings (Doc. 90).

-3-

On October 2, 2020, following oral argument, this Court entered an order granting Plaintiff's Motion to Appoint Interim Class Counsel Under Rule 23(g), denying Plaintiff's Motion for Order Under the All Writs Act, and denying the PHH Defendants' Motion to Stay Class Related Proceedings (Doc. 93).

On June 7, 2021, the PHH Defendants filed a Motion to Stay, seeking to stay all proceedings pending the United States Court of Appeals for the Ninth Circuit's resolution of the appeal in *Amy Thomas-Lawson, et al. v. Carrington Mortgage Services, LLC*, Case No. 21-55459 (9th Cir. 2021) (Doc. 111), which Plaintiff timely opposed (Doc. 113).

On June 30, 2021, Plaintiff filed a Motion for Class Certification and Incorporated Memorandum of Law (both redacted and unredacted versions) (Docs. 116 and 116a).

On July 14, 2021, the Court entered an order denying the PHH Defendants' Motion to Stay (Doc. 118).

On August 2, 2021, the PHH Defendants filed an Opposition to Plaintiff's Motion for Class Certification (both redacted and unredacted versions) (Docs. 123 and 123a), and a Motion to Exclude Expert Patricia Forcier (Doc. 124).

On August 18, 2021, Plaintiff filed a Motion for Partial Summary Judgment and Incorporated Memorandum of Law (both redacted and unredacted versions) (Docs. 130 and 130a). On that same date, the PHH Defendants filed a Motion for Summary Judgment on All Claims and Incorporated Memorandum of Law (Doc. 131).

On August 31, 2021, Plaintiff filed an Opposition to Motion to Exclude Expert Patricia Forcier (Doc. 134), a Reply in Further Support of Motion for Class Certification (both redacted and unredacted versions) (Docs. 136 and 136a).

On September 1, 2021, Plaintiff filed an Opposition to Defendants' Motion for Summary Judgment on All Claims (Doc. 137), and the PHH Defendants filed an Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 139). On September 15, 2021, the Parties filed their respective reply briefs (Docs. 143-145).

-4-

1    On November 8, 2021, following oral argument, this Court entered an order granting

2  Plaintiff's Motion for Class Certification and denying the PHH Defendants' Motion to Exclude

3  Expert Patricia Forcier (Doc. 152).

4    On November 17, 2021, the Parties participated in a Court-ordered mediation session

5  before Chief Magistrate Judge Joseph C. Spero, but were unable to resolve the case that day.

6    On November 22, 2021, the PHH Defendants filed a Petition for Permission to Appeal

7  Class Certification Under Rule 23(f) with the Ninth Circuit Court of Appeals, which was denied

8  on March 1, 2022.

9    On April 27, 2022, the Parties participated in a second Court-ordered mediation session,

10  their fourth mediation session over the course of the litigation, before Chief Magistrate Judge

11  Spero. Following mediation, the Parties entered into a "Proposed Settlement Term Sheet" on

12  May 9, 2022, subject to approval by upper management or the board of the PHH Defendants.

13  After obtaining such approval, the Parties filed a Joint Notice Concerning Settlement on May 16,

14  2022, notifying the Court that the Parties had reached a settlement and expected to file a motion

15  for preliminary approval on or about June 25, 2022 (Doc. 162).

16    On June 29, 2022, Plaintiff filed an Unopposed Motion for Preliminary Approval of Class

17  Action Settlement, along with the proposed Settlement Agreement and exhibits thereto.

18  **II.    THE PROPOSED SETTLEMENT**

19    A.  <u>The Proposed Settlement Class</u>

20    The Settlement Agreement contemplates certification of the following Settlement Class

21  for settlement purposes only:

22          All borrowers on residential mortgage loans involving mortgaged property
          located in the State of California who, between July 26, 2015 and June 24, 2022
23          (the last day of the Class Period), paid a Convenience Fee to Ocwen and/or,
          between July 30, 2015 and June 24, 2022, paid a Convenience Fee to PHH to
24          make a due and owing monthly payment over the telephone, by IVR, or online.

25  Excluded from the Settlement Class are (a) all employees of the PHH Defendants, (b) all

26  members of the Settlement Class in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No.

27  2:15-cv-01831-MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019), and (c) the federal district

28

court and magistrate judges assigned to the Actions, along with persons within the third degree of relationship to them. The proposed Settlement Class is substantially similar to the Class certified by the Court by order dated November 8, 2021.[1]

B. <u>Settlement Benefits</u>

Under the proposed Settlement, the PHH Defendants shall establish a common fund of $7,000,000.00 (the "Settlement Fund") for the benefit of Settlement Class Members. The common fund, which represents 42% of damages, will provide cash payments to Settlement Class Members. Unless a Settlement Class Member submits a valid and timely Request for Exclusion, he or she will automatically receive a *pro rata* distribution (an "Individual Allocation") from the Settlement Fund, less any court-approved attorneys' fees and costs, service award, and costs of notice and settlement administration (the "Net Settlement Amount"). Each Class Loan remaining within the Settlement Class as of the Final Settlement Date will be entitled to receive an Individual Allocation, calculated based on the proportion of Convenience Fees paid to and retained (1) by Ocwen on that Class Loan between July 26, 2015 and June 24, 2022, inclusive, or (2) by PHH on that Class Loan between July 30, 2015 and June 24, 2022, inclusive, on due and owing loan payments, as compared to the total aggregate amount of all Convenience Fees paid to and retained by Ocwen and PHH on due and owing loan payments with respect to all Class Loans during the respective periods. A payment is considered "due and owing" if made on or after the date the payment was due. Payments made on Class Loans with multiple borrowers shall be treated as joint payments for purposes of this calculation, such that each Class Loan will be entitled to only one Individual Allocation of the remaining balance of the Settlement Fund. Co-debtors, joint-borrowers, and multiple obligors on a single Class Loan are not entitled to a separate Individual Allocation on the same Class Loan. *See* Settlement Agreement at ¶ 4.5.

---

[1] There, this Court certified the following Class: All persons in the United States (1) with a Security Instrument on a residential loan securing a property located in the State of California, (2) that is or was serviced by Ocwen or PHH, (3) who were charged one or more Pay-to-Pay fee, (4) whose Security Instrument did not expressly allow for the charging of a Pay-to-Pay fee at the time the Pay-to-Pay fee was charged, (5) whose mortgage debt was due and owing at the time the fee was charged, and (6) who were not class members in *McWhorter v. Ocwen Loan Servicing, LLC*, 2:15-CV-01831-MHH (N.D. Ala.). *See* Doc. 152 at p. 23.

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:19-CV-04303-WHO

Checks issued under the Settlement will be negotiable for 180 calendar days after the date of issuance, and Settlement Class Members' failure to deposit, negotiate, or otherwise cash such checks within that one hundred and eighty (180) day period shall constitute a release by those Settlement Class Members (and all other borrowers on their respective Class Loan) of any and all rights to monetary relief under the Settlement. Individual Allocation relief that remains undeliverable three hundred (300) days after the Final Settlement Date despite the Settlement Administrator's efforts to locate the Settlement Class Members shall be paid to Homes for Our Troops. No portion of the Settlement Fund will revert to the PHH Defendants.

In addition to the monetary benefits, as a result of the Settlement, the PHH Defendants have agreed to stop charging Convenience Fees to borrowers whose loan is subject to the Rosenthal Act—*i.e.*, borrowers on residential mortgage loans involving mortgaged property in the State of California who are making a payment on or after the payment's due date—for a period of 2 years from the Final Settlement Date. *See* Settlement Agreement at ¶ 5.1. Class Counsel estimates the value of the injunctive relief to be approximately $4,880,000.

C. Release

In exchange for the consideration from the PHH Defendants, the Action will be dismissed with prejudice upon final approval of the Settlement, and the Settlement Class Members will thereby release all claims against the PHH Defendants and the Released Parties, relating to the Convenience Fees charged by Ocwen to Settlement Class Members, during the period from July 26, 2015 through and including the date the Settlement is submitted for preliminary approval, and by PHH to Settlement Class Members, during the period from July 30, 2015 through and including the date the Settlement is submitted for preliminary approval, for making loan payments by telephone, IVR, the internet, and other payment methods. *See* Settlement Agreement ¶ 3.3.

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:19-CV-04303-WHO

### D. Settlement Administrator and Notice

The proposed Settlement Administrator is KCC, a leading class action administration firm in the United States. The Parties reviewed proposals from five prominent settlement administrators before deciding on KCC based on overall cost and value to the Settlement Class.

The Parties proposed notice plan consists of direct notice made by mailing, via first-class US mail, the Class Notice to Settlement Class Members identified in the PHH Defendants' records on each Class Loan, addressed to the mailing address of record for that Class Loan as reflected in the PHH Defendants' records. As a result, one (1) Class Notice will be sent with respect to each Class Loan, addressed jointly to all Settlement Class Members identified as borrowers with respect to that Class Loan in the PHH Defendants' records. Prior to mailing, the Settlement Administrator shall attempt to update the last known borrower mailing addresses for each Class Loan as reflected in the PHH Defendants' records through the National Change of Address system or similar databases. To the extent any Class Notice is returned with a forwarding address or if no forwarding address, to the extent the Administrator is reasonably able to locate a more current mailing address using skip tracing, the Administrator shall re-mail the Class Notice so long as the valid address is obtained by the Administrator at least seven (7) days or more prior to the Objection/Exclusion Deadline. *See* Settlement Agreement at ¶ 7.2.7. All costs and fees related to dissemination of the Class Notice and skip tracing will be considered administrative costs to be paid from the Settlement Fund. *Id*. at ¶ 7.3.

The Class Notice includes the following information: (1) a plain and concise description of the nature of the Action and the terms of the proposed Settlement, (2) a definition of the Settlement Class and an explanation that the Settlement Class has been provisionally certified for purposes of settlement only, (3) the right of Settlement Class Members to request exclusion from the Settlement Class or to object to the Settlement, (4) a summary of the proposed terms of the Release contemplated by the Settlement, (5) specifics on the date, time and place of the Final Fairness Hearing, and (6) information regarding Class Counsel's anticipated fee application and the anticipated request for the Class Representative's Service Award.

-8-

As soon as practicable but starting no later than twenty-eight (28) days after entry of the Preliminary Approval Order, the Settlement Administrator shall (i) cause the Class Notice to be mailed, and (ii) establish the Settlement Website, which shall contain, among other relevant documents, (1) the Settlement Agreement, (2) the Class Notice, (3) the Court's Preliminary Approval Order, and (4) when they become available, Class Counsel's Application for Attorneys' Fees and Costs and a Service Award.

The Settlement Administrator will also ensure that the necessary and timely notice is provided to any state and federal officers as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

E.    Opt-Outs and Objections

The Class Notice will advise Settlement Class Members of their right to opt out of the Settlement or to object to the Settlement and/or to Class Counsel's application for attorneys' fees and costs and/or a service award to the Class Representative, and of the associated deadlines to exercise the right to opt out or object.

Settlement Class Members who choose to opt out must submit a written request for exclusion. Any request for exclusion must be postmarked on or before November 2, 2022 (the "Objection/Exclusion Deadline. Any request for exclusion must include (a) a caption or title that identifies it as "Request for Exclusion in *Torliatt v. Ocwen* (case number 3:19-cv-04303-WHO)"; (b) include the Potential Settlement Class Member's name, mailing and email addresses, and contact telephone number; (c) specify that he or she wants to be "excluded from the Settlement Class" and identify the Class Loan number(s) for which he or she seeks exclusion from the Settlement; and (d) be personally signed by the Settlement Class Member. A single written request for exclusion submitted on behalf of more than one Potential Settlement Class Member will be deemed invalid; provided, however, that an exclusion received from one Potential Settlement Class Member will be deemed and construed as a request for exclusion by all co-debtors, joint-debtors and multiple borrowers on the same Class Loan.

Settlement Class Members who wish to object to the Settlement must mail a written

-9-

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:19-CV-04303-WHO

objection, postmarked on or before the Objection/Exclusion Deadline, to the Court c/o the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102 or file their objection in person on or before the Objection/Exclusion Deadline at any location of the United States District Court for the Northern District of California. All objections must be in writing and personally signed by the Settlement Class Member and: (a) contain a caption or title that identifies it as "Objection to Class Settlement in *Torliatt v. Ocwen* (case number 3:19-cv-04303-WHO)"; (b) include the Settlement Class Member's name, mailing and email addresses, contact telephone number, and Class Loan number(s) for which an objection is being made; (c) set forth the specific reason(s), if any, for each objection, including all legal support the Settlement Class Member wishes to bring to the Court's attention and all factual evidence the Settlement Class Member wishes to introduce in support of the objection; (d) disclose the name and contact information of any and all attorneys representing, advising, or in any way assisting the Settlement Class Member in connection with the preparation or submission of the objection; and (e) be personally signed by the Settlement Class Member. If a Settlement Class Member intends to make an appearance either in person or through personal counsel in connection with his or her objection at the Final Fairness Hearing, he, she, or his or her personal counsel must also: (a) file a notice of intent to appear with the Clerk of Court in the Action no later than the Objection/Exclusion Deadline, and (b) serve and deliver a copy of that notice of appearance to Class Counsel and the PHH Defendants' Counsel no later than the Objection/Exclusion Deadline. Any Settlement Class Member who intends to request the Court to allow him or her to call witnesses at the Final Fairness Hearing must make such a request in a written brief, which contains a list of such witnesses and a summary of their requested testimony. The objector should also comply with Local Rule 3-15 and promptly file a Certification of Interested Entities or Persons in the docket.

No person who has opted out of the Settlement may object to it. Any Settlement Class Member who does not provide a timely written objection or who does not make a record of his or her objection at the Final Fairness Hearing shall be deemed to have waived any objection and

1  shall forever be foreclosed from making any objection to the fairness, reasonableness, or

2  adequacy of the proposed Settlement, Class Counsel's Fee and Service Awards Application, or

3  the Fee and Expense Award or Service Awards.

4      F.   Applications for (i) Attorneys' Fees and Costs and (ii) a Service Award

5          The Settlement Agreement contemplates that Class Counsel will file a motion with the

6  Court requesting an award of attorneys' fees not to exceed 33% of the Settlement Fund, or

7  $2,310,000, to compensate them for all of the work already performed in this case, all of the work

8  remaining to be performed in connection with this Settlement, and the risks undertaken in

9  prosecuting this case and for reimbursement of their costs litigating this Action. Settlement

10  Agreement at ¶ 10.1. The enforceability of the Settlement is not contingent on the Court's

11  approval of Class Counsel's application for an award of attorneys' fees and costs. *Id.* at ¶ 10.7.

12          The Settlement Agreement further provides that Plaintiff will request a Service Award in

13  an amount not to exceed $10,000. *Id.* at ¶ 10.4. This award will be paid out of the Settlement

14  Fund and will compensate Plaintiff for his time and effort serving as the Class Representative.

15  *Id.* at ¶¶ 10.4 and 10.5.

16          The PHH Defendants remain free to oppose any request for attorneys' fees, costs, or

17  service awards.

18  **III.    APPLICABLE LEGAL STANDARD**

19          Federal Rule of Civil Procedure 23(e) requires a court to determine whether a proposed

20  class settlement is "fundamentally fair, adequate, and reasonable," which "requires a two-step

21  process — a preliminary approval followed by a later final approval." *Behfarin v. Pruco Life Ins.*

22  *Co.*, No. CV 17-5290-MWF-FFMx, 2019 WL 7188575, at *5 (C.D. Cal. Nov. 26, 2019) (quoting

23  *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016)). At the final approval stage,

24  a court must consider a number of factors to determine whether a proposed settlement meets Rule

25  23's standards for approval, including: "the strength of plaintiffs' case; the risk, expense,

26  complexity, and likely duration of further litigation; the risk of maintaining class action status

27  throughout the trial; the amount offered in settlement; the extent of discovery completed, and the

28  

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:19-CV-04303-WHO

stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). Because "some of these factors cannot be fully assessed until a court conducts the final approval hearing, "a full fairness analysis is unnecessary at th[e preliminary approval] stage." *In re Solara Med. Supplies Data Breach Litig.*, No. 3:19-CV-02284-H-KSC, 2022 WL 1174102, at *7 (S.D. Cal. Apr. 20, 2022) (internal citation omitted). "Rather, at the preliminary approval stage, a court need only review the parties' proposed settlement to determine whether it is within the permissible 'range of possible judicial approval' and thus, whether the notice to the class and the scheduling of a fairness hearing is appropriate." *Id.* Thus, "preliminary approval of a settlement and notice to the class is appropriate if [1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, [4] and falls within the range of possible approval." *Deaver v. Compass Bank, et al.*, No. 13-cv-00222, 2015 WL 4999953, at *6 (N.D. Cal. Aug. 21, 2015) (internal quotations and citation omitted).

Further, "[i]n determining whether a proposed settlement should be approved, the Ninth Circuit has a 'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" *In re Solara Med. Supplies Data Breach Litig.*, 2022 WL 1174102, at *7 (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1269, 1276 (9th Cir. 1992)). In addition, "the Ninth Circuit favors deference to the 'private consensual decision [settling] parties,' particularly where the parties are represented by experienced counsel and negotiation has been facilitated by a neutral party. *Id.* (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)).

## IV.    FINDINGS AND ORDERS

A. <u>The Settlement Agreement Warrants Preliminary Approval</u>.

1. After reviewing the Settlement Agreement in light of the foregoing factors, this Court finds that the requirements for preliminary approval have been satisfied.

-12-

2. The Settlement was reached through serious, informed, noncollusive negotiations conducted by competent counsel before an experienced mediator. The Parties' settlement negotiations spanned four separate mediation sessions, two before a private mediator and two before Chief Magistrate Judge Spero. The record demonstrates that the Parties engaged in ample discovery to support the finding that counsel for both sides were appropriately informed in negotiating the Settlement. Moreover, both sides were represented by competent and experienced counsel, adequately representing their respective client's interests.

3. The Settlement does not appear to have any obvious deficiencies. The proposed releases appear to be tailored to claims related to the Convenience Fees charged by Ocwen and PHH to Settlement Class Members, and thus are not overly broad. The anticipated requests for attorneys' fees and costs and a service award are within the ranges contemplated in the Ninth Circuit. The Settlement provides for a proportionate distribution of the Settlement Fund among the Settlement Class and does not improperly grant preferential treatment to the Settlement Class Representative or segments of the Settlement Class. Indeed, the method of allocation was crafted to ensure that the Settlement Fund is allocated equitably based on the relative amount of Convenience Fees charged to and paid on due and owing loan payments with respect to each Class Loan. Lastly, no funds will revert to the PHH Defendants.

4. The Settlement falls within the range of reasonableness of possible approval. The Settlement provides for a common fund of $7,000,000, which is equivalent to 42% of the total amount of Convenience Fees alleged to have been wrongfully collected by the PHH Defendants. The Settlement also provides valuable equitable relief to Settlement Class Members. This is within the range of possible approval.

5. Accordingly, the Court does hereby preliminarily approve the Settlement Agreement and the proposed Settlement set forth therein as fair, adequate and reasonable, subject to further consideration at the Final Fairness Hearing described below.

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:19-CV-04303-WHO

B. <u>Conditional Certification of the Settlement Class and Appointment of the Proposed Class Representative and Class Counsel.</u>

6. For the following reasons and for the reasons previously stated in this Court's order granting class certification, this Court finds that conditional certification of the following Settlement Class is appropriate for settlement purposes, subject to further consideration at the Final Fairness Hearing:

> All borrowers on residential mortgage loans involving mortgaged property located in the State of California who, between July 26, 2015 and June 24, 2022 (the last day of the Class Period), paid a Convenience Fee to Ocwen and/or, between July 30, 2015 and June 24, 2022, paid a Convenience Fee to PHH to make a due and owing monthly payment over the telephone, by IVR, or online." Excluded from the Class are (a) all employees of the PHH Defendants, (b) all members of the Settlement Class in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No. 2:15-cv-01831-MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019), and (c) the federal district court and magistrate judges assigned to the Actions, along with persons within the third degree of relationship to them.

7. The Court finds that the proposed Settlement Class is sufficiently numerous that joinder would be logistically impossible. Based on a review of the PHH Defendants' records, the proposed Settlement Class consists of 139,491 Class Loans. Thus, numerosity is satisfied. *See also* Doc. 152 at p. 9.

8. The Court finds that there is a commonality of interests between the Settlement Class Members, including both questions of law and questions of fact. Plaintiff's claims here depend on the common contentions that Convenience Fees are neither authorized by Class Members' notes and deeds of trust or permitted by law. For the same reason, the predominance requirement of Fed. R. Civ. P. 23(b)(3) is satisfied for settlement purposes. *See id.* at pp. 9-10 and 14-18.

9. The Court finds that the proposed Settlement Class Representative and Class Counsel have adequately represented the proposed Settlement Class and have no conflicts with Settlement Class Members. Class Counsel are experienced and sophisticated, with years of experience in complex class action litigation and litigation involving mortgage servicers, financial institutions, and fees. The Settlement Class Representative has devoted substantial time and effort in pursuing the claims on behalf of the Settlement Class, which included sitting for deposition, reviewing

-14-

pleadings and case-related documents, reviewing the Settlement, and communicating with Class Counsel regarding the litigation and Settlement. *See id.* at pp. 11-14.

10. The Court finds that the Settlement Class Representative's claims are typical of those of the Settlement Class Members as they arise from the same alleged course of conduct as those of the Settlement Class Members. Thus, typicality is satisfied. *See id.* at pp. 10-11.

11. The Court finds that a class action is a superior method of resolving the claims of the Settlement Class Members, which are of modest amounts. *See id.* at p. 18.

12. The Court appoints Plaintiff Lawrence Torliatt as Settlement Class Representative and the law firms of Carney Bates & Pulliam, PLLC and Bailey & Glasser LLP as Class Counsel.

   C.   The Proposed Method and Manner of Class Notice Is Reasonable.

13. The Court finds that the proposed notice plan provided for in the Settlement Agreement is reasonable and appropriate to inform members of the Settlement Class of the terms of the proposed Settlement.

14. The Court approves, as to form and content, the Class Notice, annexed to the Settlement Agreement as Exhibit A, and finds that distribution of the Class Notice in the manner set forth in the Settlement Agreement and herein meets the requirements of Federal Rule of Civil Procedure 23(c) and due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all entitled thereto.

15. No later than twenty-eight (28) days after the date of this Order, the Settlement Administrator shall commence the notice program in accord with the notice provisions in the Settlement Agreement, including the mailing, by first-class US mail, of the Class Notice (Exhibit A to the Settlement Agreement), and the creation of the Settlement Website.

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:19-CV-04303-WHO

16. The PHH Defendants shall ensure that timely notice is provided to any state and federal officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715, and shall otherwise carry out its duties as set forth in ¶ 7.1 of the Settlement Agreement.

17. No later than thirty-five (35) calendar days prior to the Final Fairness Hearing (the "Exclusion/Objection Deadline"), members of the Settlement Class who wish to exclude themselves from the Settlement Class must submit a written statement requesting exclusion. To be valid, a request for exclusion must include: (a) a caption or title that identifies it as "Request for Exclusion in *Torliatt v. Ocwen* (case number 3:19-cv-04303-WHO)"; (b) include the Potential Settlement Class Member's name, mailing and email addresses, and contact telephone number; (c) specify that he or she wants to be "excluded from the Settlement Class" and identify the Class Loan number(s) for which he or she seeks exclusion from the Settlement; and (d) be personally signed by the Settlement Class Member.

18. Any member of the Settlement Class who properly excludes himself or herself from the Settlement Class shall not be entitled to receive any payment from the Settlement Fund, shall not be bound by the proposed Settlement, and shall have no right to object or comment thereon. Members of the Settlement Class who fail to submit a valid and timely Request for Exclusion shall be bound by all terms of the proposed Settlement and any final judgment entered in this Action if the proposed Settlement is finally approved by the Court.

19. Members of the Settlement Class who elect to object to the Settlement Agreement must file written objections, postmarked by the Exclusion/Objection Deadline, in accordance with the terms and conditions of the Settlement Agreement. Such written objections shall be filed with the Court, and must: (a) contain a caption or title that identifies it as "Objection to Class Settlement in *Torliatt v. Ocwen* (case number 3:19-cv-04303-WHO)"; (b) include the Settlement Class Member's name, mailing and email addresses, contact telephone number, and Class Loan number(s) for which an

-16-

objection is being made; (c) set forth the specific reason(s), if any, for each objection, including all legal support the Settlement Class Member wishes to bring to the Court's attention and all factual evidence the Settlement Class Member wishes to introduce in support of the objection; (d) disclose the name and contact information of any and all attorneys representing, advising, or in any way assisting the Settlement Class Member in connection with the preparation or submission of the objection; and (e) be personally signed by the Settlement Class Member.

20. If a Settlement Class Member intends to make an appearance either in person or through personal counsel in connection with his or her objection at the Final Fairness Hearing, he, she, or his or her personal counsel must also: (a) file a notice of intent to appear with the Clerk of Court in the Action no later than the Objection/Exclusion Deadline, and (b) serve and deliver a copy of that notice of appearance to Class Counsel and the PHH Defendants' Counsel no later than the Objection/Exclusion Deadline. Any Settlement Class Member who intends to request the Court to allow him or her to call witnesses at the Final Fairness Hearing must make such a request in a written brief, which contains a list of such witnesses and a summary of their requested testimony.

21. Settlement Class Members who fail to timely file and serve written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

22. Settlement Class Members who properly exclude themselves from the Settlement have no right to object to the proposed Settlement or Class Counsel's application for attorneys' fees and costs, and a service award.

23. All Class Members who do not opt out of the Class shall be bound by any Final Approval Order and Judgment entered pursuant to the Settlement Agreement, and shall be barred and enjoined, now and in the future, from asserting any and all of the Released Claims, as defined in the Settlement Agreement, against the PHH

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:19-CV-04303-WHO

Defendants and the other Released Persons, as defined in the Settlement Agreement, and any such Class Member shall be conclusively deemed to have released any and all such Released Claims.

D.  <u>The Final Fairness Hearing</u>

24. The Court shall hold a Final Approval Hearing on December 7, 2022 at 2:00 p.m. PST at the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable William H. Orrick, to determine, among other things, (i) whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class and should be finally approved; (ii) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; and (iii) to consider Class Counsel's application for fees and costs and a service award. Objections by Settlement Class Members will be considered if timely and validly submitted before the Objection/Exclusion Deadline as set forth above.

E.  <u>Other Provisions</u>

25. Deadlines pending in the Action are hereby stayed. Pending final determination as to whether the proposed Settlement should be approved, each Settlement Class Member is hereby enjoined from continuing, instituting or prosecuting any legal proceeding against the PHH Defendants or any of the other Released Persons.

26. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Parties of any fact or allegation, or of any liability, fault, or wrongdoing of any kind.

27. In the event that this Preliminary Approval Order does not become final, (i) it shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) all other related orders to the Settlement shall be rendered null and void and shall be vacated *nunc pro*

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:19-CV-04303-WHO

*tunc*, and (iii) the Action shall proceed as if there had never been a settlement and as otherwise provided in the Settlement Agreement.

28. The Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the proposed Settlement, with such modifications as may be agreed to by the Parties, if appropriate without further notice to the Settlement Class.

29. The Parties and their respective counsel are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement and to effectuate the terms of the Settlement Agreement.

30. Pursuant to the foregoing, the following schedule shall apply:

| DATE | EVENT |
| --- | --- |
| 3 business days from Preliminary Approval Order | Deadline for funding all Costs of Administration |
| 28 calendar days from Preliminary Approval Order | Deadline for disseminating Class Notice (Ex. A to the Settlement Agreement) |
| 28 calendar days from Preliminary Approval Order | Deadline for creating the Settlement Website |
| October 19, 2022 | Deadline for filing Motion for Final Approval of Settlement and Class Counsel's application for award of attorneys' fees and costs and a service award |
| November 2, 2022 | Objection/Exclusion Deadline |
| November 30, 2022 | Deadline for the Parties to respond to objections, if any |
| December 7, 2022 | Final Fairness Hearing |

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:19-CV-04303-WHO

1

2  **IT IS SO ORDERED.**

3  Dated:July 20, 2022

4  _____
   William H. Orrick

5  United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT
CASE NO. 3:19-CV-04303-WHO