1  Hank Bates (SBN 167688)
   hbates@cbplaw.com
2  Randall K. Pulliam (*admitted pro hac vice*)
   rpulliam@cbplaw.com
3  Edwin Lee Lowther (*admitted pro hac vice*)
   llowther@cbplaw.com
4  CARNEY BATES & PULLIAM, PLLC
   519 W. 7th St.
5  Little Rock, AR, 72201
   Tel. 501-312-8500
6  Fax 501-312-8505

7  *Attorneys for Plaintiff*

8

9                  **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**

10                      *San Francisco Division*

11

12  LAWRENCE TORLIATT,                    Case No. 3:19-cv-04303-WHO
    on behalf of himself and
13  all others similarly situated,
                                          **PLAINTIFF'S NOTICE OF MOTION,**
14            Plaintiff,                   **MOTION, AND MEMORANDUM IN**
                                          **SUPPORT OF FINAL APPROVAL OF**
15  v.                                    **SETTLEMENT**

16  OCWEN LOAN SERVICING,
    LLC,                                  The Honorable William H. Orrick
17            Defendant.
                                          Date:      November 16, 2022
18  CONSOLIDATED WITH:                    Time:      2:00 p.m.
                                          Location:  Courtroom 2
19  Lawrence Torliatt v. PHH Mortgage
    Corp., Case No. 3:19-cv-04356-WHO

20

21

22

23

# TABLE OF CONTENTS

I.    INTRODUCTION. ..................................................................................................1

II.   SUMMARY OF THE PROCEEDINGS. ..............................................................4

III.  SUMMARY OF THE SETTLEMENT AND NOTICE PROCEDURES. .....................10

      A.   Settlement Benefits...................................................................................10

      B.   Notice .......................................................................................................13

      C.   Class Counsel's Applications for (i) Attorneys' Fees and Costs and (ii) a Service
           Award. ......................................................................................................14

IV.   APPLICABLE LEGAL STANDARDS..............................................................14

V.    THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE, WARRANTING
      FINAL APPROVAL. .........................................................................................15

      A.   Plaintiff and Class Counsel Have Adequately Represented the Class, Obtaining an
           Excellent Settlement to Which No Class Member or Government Entities Have
           Objected...................................................................................................16

      B.   The Settlement Was the Result of Informed, Arm's Length Negotiations Between
           the Parties and Has No Obvious Deficiencies.............................................17

      C.   The Settlement Provides Exceptional Relief for the Settlement Class. ..................19

           1.   Continued litigation would be risky, complex, lengthy, and expensive............20

           2.   The Settlement provides meaningful, automatic payments to Settlement Class
                Members....................................................................................................21

           3.   The requested attorneys' fees are reasonable and in line with similar awards
                approved in the Ninth Circuit. ..................................................................22

           4.   The Settlement provides for a non-reversionary common fund......................22

      D.   The Settlement Treats All Settlement Class members Equitably............................22

      E.   The Notice Program Satisfies Rule 23 and Due Process and Constitutes the Best
           Notice Practicable....................................................................................22

VI.   FINAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE. ......23

VII.  CONCLUSION ..................................................................................................24

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

1

## TABLE OF AUTHORITIES

2

**Cases**

3
*Amy Thomas-Lawson et al. v. Carrington Mortgage Services, LLC*,
   Case No. 21-55459 (9th Cir. 2021) ..................................................................7

4

*Beaver v. Tarsadia Hotels*,
5   No. 11-CV-01842-GPC-KSC, 2017 WL 4310707 (S.D. Cal. Sept. 28, 2017)......................18

6
*Bolton v. U.S. Nursing Corp.*,
7   No. C 12-4466 LB, 2013 WL 5700403 (N.D. Cal. Oct. 18, 2013)........................................19

8
*Churchill Vill., LLC v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ............................................................................15

9
*Compare Thomas-Lawson v. Carrington Mortg. Servs.*,
10   2021 WL 1253578 (C.D. Cal. April 5, 2021) ......................................................20

11
*Corona v. PNC Financial Services Group, Inc.*,
12   No. 2:20-cv-06521-MCS, 2021 WL 1218258 (C.D. Cal. 2021) ...........................20

13
*Deaver v. Compass Bank*,
   No. 13-CV-00222-JSC, 2015 WL 4999953 (N.D. Cal. Aug. 21, 2015)..........................17, 18

14

15
*Dunakin v. Quigley*,
   No. 2:14-CV-00567-JLR, 2017 WL 123011 (W.D. Wash. Jan. 10, 2017) ....................17, 18

16
*Grigoryan v. CEMEX Constr. Materials Pac., LLC*,
17   No. EDCV 18-1563-R, 2019 WL 13149915 (C.D. Cal. May 21, 2019) ...............................17

18
*Hanlon v. Chrysler Corp.*,
19   150 F.3d 1011 (9th Cir. 1998) ............................................................................17

20
*Hendricks v. Starkist Co.*,
   No. 13-CV-00729-HSG, 2015 WL 4498083 (N.D. Cal. July 23, 2015) ..........................19, 22

21

22
*In re Apple Computer Sec. Litig.*,
   No. C-84-20148-(A)-JW, 1991 WL 238298 (N.D. Cal. Sept. 6, 1991) ................................21

23
*In re Bluetooth Headset Prods. Liab. Litig.*,
24   654 F.3d 935 (9th Cir. 2011) ...............................................................14, 15, 18

25
*In re Michael Milken & Assocs. Sec. Litig.*,
   150 F.R.D. 46 (S.D.N.Y. 1993) .........................................................................20

26

27
*McLeod v. Bank of Am., N.A.*,
   No. 16-CV-03294-EMC, 2019 WL 1170487 (N.D. Cal. Mar. 13, 2019)..............................15

28

-ii-

*McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*,
   No. 2:15-cv-01831-MHH (N.D. Ala. Aug. 1, 2019) ........................................ 2, 11

*Morris v. PHH Mortgage Corporation*,
   No. 0:20-cv-60633 (S.D. Fla.) ................................................................ 6, 9

*Noll v. eBay, Inc.*,
   309 F.R.D. 593 (N.D. Cal. 2015) ................................................................ 20

*Pelletz v. Weyerhaeuser Co.*,
   255 F.R.D. 537 (W.D. Wash. 2009) ............................................................ 17

*Thomas-Lawson v. Carrington Mortg. Servs., LLC*,
   No. 2:20-cv-07301-ODW-EX, 2021 WL 1253578 (C.D. Cal. Apr. 5, 2021) ........................ 20

*Torliatt v. Ocwen Loan Servicing, LLC*,
   No. 3:19-cv-04303-WHO (N.D. Cal.) ............................................................ 4

*Torliatt v. PHH Mortgage Corp.*,
   Case No. 3:19-cv-04356-WHO (N.D. Cal.) ...................................................... 4

*Vedachalam v. Tata Consultancy Servs., Ltd*,
   No. C 06-0963 CW, 2013 WL 3941319 (N.D. Cal. July 18, 2013) ................................ 18

*Villegas v. J.P. Morgan Chase & Co.*,
   No. CV 09-00261 SBA (EMC), 2012 WL 5878390 (N.D. Cal. Nov. 21, 2012)...................... 18

*West Virginia v. Chas. Pfizer & Co.*,
   314 F. Supp. 710 (S.D.N.Y. 1970), *aff'd*, 440 F.2d 1079 (2d Cir. 1971) ........................ 20, 21

**Statutes**

15 U.S.C. § 1692.................................................................................4, 20, 23
Cal. Bus. & Prof. Code § 17200 ..................................................................4
Cal. Civ. Code § 1715.............................................................................17
Cal. Civ. Code § 1788.............................................................................4

**Rules**

Fed. R. Civ. P. 23 .........................................................................passim

**Other Authorities**

MANAGING CLASS ACTION LITIGATION: A POCKET GUIDE FOR JUDGES, p. 27 (3d
   ed. 2010) ...............................................................................................23

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 16, 2022, at 2:00 p.m. in Courtroom 2 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, CA 94102, Plaintiff Lawrence Torliatt ("Plaintiff" or "Torliatt"), by and through undersigned counsel and pursuant to the Settlement Agreement and Release, dated June 24, 2022 (Doc. 164-3) (the "Settlement Agreement"), and this Court's Preliminary Approval Order, dated July 20, 2022 (Doc. 168) (the "Preliminary Approval Order"), will and hereby does move this Court for an order granting final approval of the settlement (the "Settlement") of this action (the "Action").

More specifically, Plaintiff respectfully requests this Court enter an order, in substantial form to the proposed order attached hereto as Exhibit 1, (i) granting final approval of the Settlement as fair, reasonable, and adequate; (ii) granting final certification to the Settlement Class; and (iii) finding that the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23 (c) and due process and constitutes the best notice practicable under the circumstances. Plaintiff further requests this Court enter final judgment, in substantial form to the proposed order attached hereto as Exhibit 2.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION.

Pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") and the Court's Preliminary Approval Order, Plaintiff respectfully requests that the Court grant final approval of the Settlement reached between Plaintiff and Defendant PHH Mortgage Corporation ("PHH"), individually and as successor by merger to defendant Ocwen Loan Servicing, LLC ("Ocwen"), (together with PHH the "Defendants," and collectively with Plaintiff, the "Parties").

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

Plaintiff firmly believes that the Settlement is in the best interest of the Settlement Class[1] and clearly satisfies the standard of approval as discussed herein. Plaintiff and Class Counsel have adequately represented the Settlement Class, obtaining an excellent Settlement to which no class member or governmental entities have objected.[2] The Settlement is the product of arm's-length negotiations by experienced and informed counsel with a firm understanding of the strengths and weaknesses of their clients' respective claims and defenses, and it was reached only after intensive litigation, discovery, and arm's length negotiations, including two full-day mediation sessions and three other mediations over the span of three years.

The Settlement provides for a common fund of $7,000,000 (the "Settlement Fund") for the benefit of Settlement Class Members, with no reverter. This common fund represents approximately 42% of the total amount of Convenience Fees that Plaintiff alleges were improperly collected by Defendant. There is no claims process; instead, each Settlement Class Member who does not opt out will automatically receive a payment on a pro rata basis, based upon the amount of Convenience Fees paid by the Settlement Class Member during the Class Period. Any residual funds that remain undeliverable three hundred (300) days after the Final Settlement Date, and after payment of all fees and costs, will be disbursed to Homes For Our Troops as a *cy pres* award.

In addition to the foregoing monetary relief, the Settlement also provides valuable injunctive relief to Settlement Class Members. More specifically, as part of the Settlement, the Defendants have agreed to the cessation of the Convenience Fees to borrowers whose loan is

---

[1] The Settlement Class as defined in Section 1.1.34 of the Settlement Agreement is "all borrowers on residential mortgage loans involving mortgaged property located in the State of California who, between July 26, 2015 and June 24, 2022 (the last day of the Class Period), paid a Convenience Fee to Ocwen and/or, between July 30, 2015 and June 24, 2022, paid a Convenience Fee to PHH to make a due and owing monthly payment over the telephone, by IVR, or online. Excluded from the Class are (a) all employees of the Defendants, (b) all members of the Settlement Class in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No. 2:15-cv-01831-MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019), and (c) the federal district court and magistrate judges assigned to the Actions, along with persons within the third degree of relationship to them."

[2] The deadline for objections is November 2, 2022.

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

subject to the Rosenthal Act—*i.e.*, borrowers on residential mortgage loans involving mortgaged property in the State of California who are making a payment on or after the payment's due date—for a period of 2 years from the Final Settlement Date. *Id*. at ¶ 5.1. Based on the aggregate amount of Convenience Fees collected during the Settlement Class Period, it is estimated that the Defendants collect approximately $2,440,000 in Convenience Fees per annum. Accordingly, the value of the injunctive relief is estimated to equal approximately $4,880,000. *See* Doc. 164 at ¶ 10.

Consistent with Ninth Circuit precedent, Class Counsel is requesting attorney's fees and expenses equal to 33% of the Settlement Fund. Also, consistent with Ninth Circuit precedent, Plaintiff will request a Service Award of $10,000 in recognition of Plaintiff's service as the Class Representative. Settlement administrative costs are estimated to be $240,683, which is only 3.4% of the Settlement Fund. *See* Declaration of Mary Jane Fait Re: Notice Procedures ("Fait Decl.") at ¶ 11.

Class Counsel believe that this is an excellent result for the Settlement Class, especially when weighed against the costs, risks, and delay of continued litigation, trial, and appeal. Moreover, the Court-approved notice program has been fully implemented, with an estimated notice reach of 97%, which is within the range endorsed by the Federal Judicial Center. *See* Fait Decl. at ¶ 6. And, to date, no objections or requests for exclusion have been received. *See id*. at ¶¶ 9-10; *see also* Declaration of Lee Lowther ("Lowther Decl.") at ¶ 13.

Accordingly, Plaintiff respectfully submits that the Settlement satisfies all criteria for final approval, and specifically requests this Court: (i) grant final approval of the Settlement as fair, reasonable, and adequate; (ii) grant final certification to the Settlement Class; (iii) find that the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23 (c) and due process and constitutes the best notice practicable under the circumstances; and (iv) enter final judgment.

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

## II.   SUMMARY OF THE PROCEEDINGS.

On July 26, 2019, Plaintiff, on behalf of himself and all others similarly situated, filed a putative class action styled *Torliatt v. Ocwen Loan Servicing, LLC*, No. 3:19-cv-04303-WHO (N.D. Cal.) (the "Ocwen Action"). On July 30, 2019, Plaintiff, on behalf of himself and all others similarly situated, filed a putative class action styled *Torliatt v. PHH Mortgage Corp.*, Case No. 3:19-cv-04356-WHO (N.D. Cal.) (the "PHH Action"). In the initial complaints in each action, Plaintiff asserted various claims against PHH and Ocwen based on their practice of charging fees, ranging from $7.50 to $19.50, to borrowers when they paid their mortgages by phone or online ("Convenience Fees").[3]

The Ocwen and PHH Actions were consolidated under Case Number 3:19-cv-04303 (the "Action") (Doc. 14). On October 16, 2019, the Parties moved to stay this Action while they attempted early mediation to resolve this case (Doc. 28). Following a full-day mediation, the Parties' continued their attempts, through the mediator, to reach a resolution, (Doc. 30), but their efforts proved unsuccessful and they moved to lift the stay, (Doc. 32).

On February 14, 2020, Plaintiff filed an Amended Consolidated Class Action Complaint (the "Amended Complaint") against the Defendants (Doc. 34). The Amended Complaint asserts four claims: (1) violation of the federal Fair Debt Collection Practices Act ("FDCPA"), (2) violation of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq*., (3) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*., and (4) breach of contract. More specifically, the Amended Complaint alleges that Defendants violated the FDCPA, the Rosenthal Act and the UCL, as well as breached their contracts, by collecting Convenience Fees from borrowers when they paid their mortgage payments online or over the phone.

---

[3] For most of the period at issue in this Action, Ocwen and PHH used Speedpay, Inc.'s "Speedpay™" service to facilitate these kinds of online and telephonic payment methods, so the Convenience Fees charged by Ocwen and PHH were often referred to as "Speedpay" fees.

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

Following consolidation, the Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on March 6, 2020 (Doc. 36). In their Motion to Dismiss, the Defendants argued dismissal was warranted because (i) the Convenience Fees were fully disclosed and consented to in advance, (ii) Plaintiff failed to allege that Ocwen or PHH was a debt collector under the either the Rosenthal Act of the FDCPA, and (iii) Plaintiff failed to allege that his Deed of Trust was breached.

On March 11, 2020, the Defendants filed a Motion to Temporarily Stay Discovery and Case Management Deadlines Until After Resolution of Pending Motion to Dismiss and Incorporated Memorandum of law (Doc. 37), which the Court denied on March 13, 2020 (Doc. 39).

On March 27, 2020, Plaintiff filed his Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 43). And, on April 8, 2020, the Defendants filed a reply brief in further support of their Motion to Dismiss (Doc. 48).

On April 17, 2020, the Court entered an order granting, in part, and denying, in part, the Motion to Dismiss (Doc. 49). More specifically, the Court granted the Motion to Dismiss as to Plaintiff's FDCPA and breach of contract claims, but denied the Motion to Dismiss as to Plaintiff's Rosenthal Act and UCL claims. The Court further ordered that Plaintiff "shall file an amended complaint by May 1, 2020." *Id*. at p. 10.

In accord with the Court's April 17th Order, Plaintiff filed a Second Amended Consolidated Class Action Complaint ("Second Amended Complaint") on May 1, 2020 (Doc. 50). On May 15, 2020, the Defendants filed (i) a Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 54), and (ii) a Motion for Leave to File a Motion for Reconsideration and, in the Alternative, for Conditional Certification of an Interlocutory Appeal, with Accompanying Memorandum of Points and Authorities (Doc. 55).

On May 29, 2020, Plaintiff filed (i) a Notice of Voluntary Dismissal of Counts II and IV of the Second Amended Complaint (Doc. 56), (ii) an Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 57); and (iii) a Response to Defendants'

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

Motion for Leave to File a Motion for Reconsideration and, in the Alternative, for Conditional Certification of an Interlocutory Appeal (Doc. 58).

On June 5, 2020, the Defendants filed (i) a Reply in Further Support of their Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 59), and (ii) a Reply in Further Support of their Motion for Leave to File a Motion for Reconsideration and, in the Alternative, for Conditional Certification of an Interlocutory Appeal (Doc. 60).

On June 22, 2020, the Court entered an order denying the Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and denying Defendants' Motion for Leave to File a Motion for Reconsideration and, in the Alternative, for Conditional Certification of an Interlocutory Appeal (Doc. 62). On July 6, 2020, Defendants filed their Answer to the Second Amended Complaint (Doc. 63).

On March 25, 2020, Vincent Morris filed suit against PHH in the United States District Court for the Southern District of Florida, asserting claims under Florida law challenging PHH's collection of Convenience fees (Doc. 67). On May 12, 2020, Class Counsel participated in a mediation with Defendants' Counsel and the attorneys for Mr. Morris. Following that mediation, it became clear the *Morris* counsel were going to agree to the Defendants' demand to amend the notes and deeds of trust of all class members to expressly authorize the collection of Convenience Fees. Class Counsel refused to agree to this injunctive relief against members of the, at that time, putative classes. Instead, on July 27, 2020, Class Counsel moved to intervene in the *Morris* action to oppose preliminary approval of the settlement, which was broadened to include borrowers in the state of California.

Accordingly, on August 21, 2020, Plaintiff filed a Motion for Order Under the All Writs Act and Incorporated Memorandum of Law (Doc. 66). On that same date, Plaintiff filed a Motion to Appoint Interim Class Counsel under Rule 23(g) and Incorporated Memorandum of Law (Doc. 68).

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

On August 28, 2020, Defendants filed a Motion to Stay Class Related Proceedings and Incorporated Memorandum of Law (Doc. 72), and a Motion to Consolidate Hearing on Motions and Adjust Briefing Schedule Accordingly (Doc. 73).

On September 4, 2020, Defendants filed an Opposition to Plaintiff's Motion for Order Under All Writs Act (Doc. 75), and an Opposition to Plaintiff's Motion to Appoint Interim Class Counsel (Doc. 76).

On September 8, 2020, Plaintiff filed a Reply in Further Support of his Motion for Order Under All Writs Act (Doc. 78), and a Response to Defendant PHH's Motion to Consolidate Hearing (Doc. 80).

On September 9, 2020, the Court granted Defendant PHH's Motion to Consolidate Hearing (Doc. 85).

On September 11, 2020, Plaintiff filed an Opposition to Defendants' Motion to Stay Class Related Proceedings (Doc. 87), and a Reply in Further Support of Motion to Appoint Interim Class Counsel Under Rule 23(g) (Doc. 89).

On September 19, 2020, Defendants filed a Reply in Further Support of their Motion to Stay Class Related Proceedings (Doc. 90)

On October 2, 2020, following oral argument, the Court entered an order granting Plaintiff's Motion to Appoint Interim Class Counsel Under Rule 23(g), denying Plaintiff's Motion for Order Under the All Writs Act, and denying Defendants' Motion to Stay Class Related Proceedings (Doc. 93).

On June 7, 2021, Defendant PHH filed a Motion to Stay, seeking to stay all proceedings pending the United States Court of Appeals for the Ninth Circuit's resolution of the appeal in *Amy Thomas-Lawson et al. v. Carrington Mortgage Services, LLC*, Case No. 21-55459 (9th Cir. 2021) (Doc. 111), which Plaintiff timely opposed (Doc. 113).

On June 30, 2021, Plaintiff filed a Motion for Class Certification and Incorporated Memorandum of Law (both redacted and unredacted versions) (Docs. 116 and 116a).

-7-

On July 14, 2021, the Court entered an order denying Defendants' Motion to Stay (Doc. 118).

On August 2, 2021, Defendants filed an Opposition to Plaintiff's Motion for Class Certification (both redacted and unredacted versions) (Docs. 123 and 123a), and a Motion to Exclude Expert Patricia Forcier (Doc. 124).

On August 18, 2021, Plaintiff filed a Motion for Partial Summary Judgment and Incorporated Memorandum of Law (both redacted and unredacted versions) (Doc. 130 and 130a). On that same date, PHH filed a Motion for Summary Judgment on All Claims and Incorporated Memorandum of Law (Doc. 131).

On August 31, 2021, Plaintiff filed an Opposition to Motion to Exclude Expert Patricia Forcier (Doc. 134), a Reply in Further Support of Motion for Class Certification (both redacted and unredacted versions) (Docs. 136 and 136a).

On September 1, 2021, Plaintiff filed an Opposition to Defendants' Motion for Summary Judgment on All Claims (Doc. 137), and Defendants filed an Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 139). On September 15, 2021, the Parties filed their respective reply briefs (Docs. 143-145).

On November 8, 2021, following oral argument, this Court entered an order granting Plaintiff's Motion for Class Certification and denying Defendant's Motion to Exclude Expert Patricia Forcier (Doc. 152).

In addition to engaging in extensive motions practice, the Parties also engaged in extensive discovery. In particular, the Defendants produced 925 documents (totaling 4,281 pages and comprising spreadsheets with data on hundreds of thousands of transactions) in response to 68 requests for production served by Plaintiff; responded to 20 total interrogatories; and made three separate corporate representatives available for depositions in response to 64 combined 30(b)(6) deposition topics. In turn, Plaintiff produced 679 documents (totaling 3,875 pages) in response to the Defendants' requests for production, and the Defendants also took Plaintiff's deposition. The Parties also engaged in expert discovery. Plaintiff offered the opinions of Ms.

-8-

Patricia Forcier concerning her opinions on the uniformity of loan documents, while the Defendants offered the opinions of Dr. Andrew Carron concerning the absence and individualized nature of putative class member injuries. Both experts were deposed.

On November 17, 2021, the Parties participated in a Court-ordered mediation session before Chief Magistrate Judge Joseph C. Spero, but were unable to resolve the case that day considering that the Defendants' motion for preliminary approval of their nationwide settlement was still pending in the *Morris* action.

On November 22, 2021, the Defendants filed a Petition for Permission to Appeal Class Certification Under Rule 23(f) with the Ninth Circuit Court of Appeals, which was denied on March 1, 2022.

On April 27, 2022, the Parties participated in a second Court-ordered mediation session, their fourth mediation session over the course of the litigation, before Chief Magistrate Judge Spero. By this point, the Parties recognized that both regulators and courts have reached different conclusions on the merits of the claims presented, and that compromise was preferable to continued litigation for all concerned. On the one hand, many federal district courts have held that Convenience Fees do not violate the FDCPA or state analogs, such as the Rosenthal Act. Additionally, the Defendants interpret guidance from the Federal Trade Commission ("FTC") as opining that Convenience Fees do not violate the FDCPA because any required authorization and consent could be expressed in general terms in the loan documents or granted orally in a side agreement entered into at the time of the payment transaction. On the other hand, many other federal district courts have held that Convenience Fees do violate the FDCPA or state analogs if neither the underlying loan documents nor state statutes expressly authorize Convenience Fees. And in 2017, the Consumer Financial Protection Bureau ("CFPB") issued guidance stating its position that that the assessment of Convenience Fees could violate the FDCPA in certain circumstances. One federal appellate court has weighed in on the dispute, with the Fourth Circuit recently concluding that the convenience fees of a different servicer violated Maryland's analog to the FDCPA and Rosenthal Act.

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

As a result of the settlement conference and further negotiations, and based upon their own respective independent investigations and evaluations of the facts and law relating to all of the matters alleged in the pleadings, the Parties entered into a "Proposed Settlement Term Sheet" on May 9, 2022, subject to approval by upper management or the board of the Defendants. After obtaining such approval, the Parties filed a Joint Notice Concerning Settlement on May 16, 2022, notifying the Court that the Parties had reached a settlement and expected to file a motion for preliminary approval on or about June 25, 2022 (Doc. 162).

Thereafter, the Parties worked cooperatively to draft a comprehensive Settlement Agreement and exhibits thereto, which was fully executed by the Parties on June 27, 2022. On June 29, 2022, Plaintiff filed an Unopposed Motion for Preliminary Approval of Settlement and Incorporated Memorandum of Law in Support (Doc. 163), which was granted by the Court on July 20, 2022 (Doc. 168). In its Preliminary Approval Order, this Court (i) conditionally certified the proposed Settlement Class and appointed Plaintiff as the Settlement Class Representative and Plaintiff's Counsel as Class Counsel, (ii) determined that the requirements for preliminary approval had been satisfied and preliminarily approved the Settlement as fair, adequate, and reasonable, subject to further consideration at the Final Fairness Hearing, (iii) approved the notice program as reasonable and adequate, and (iv) scheduled a Final Approval Hearing for December 7, 2022 at 2:00 p.m.

## III.   SUMMARY OF THE SETTLEMENT AND NOTICE PROCEDURES.

### A.   **Settlement Benefits.**

Under the Settlement, the Defendants shall establish a cash settlement fund of $7,000,000.00 (the "Settlement Fund") for the benefit of Settlement Class Members. In accord with paragraph 1.1.34 of the Settlement Agreement, the Settlement Class shall include:

> All borrowers on residential mortgage loans involving mortgaged property located in the State of California who, between July 26, 2015 and June 24, 2022 (the last day of the Class Period), paid a Convenience Fee to Ocwen and/or,

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

between July 30, 2015 and June 24, 2022, paid a Convenience Fee to PHH to make a due and owing monthly payment over the telephone, by IVR, or online. [4]

Unless a Settlement Class Member submits a valid and timely Request for Exclusion, he or she will automatically receive a *pro rata* distribution from the Settlement Fund, less any court-approved attorneys' fees and costs, service award, and costs of notice and settlement administration (the "Net Settlement Amount"), upon Court approval. Each Class Loan remaining within the Settlement Class as of the Final Settlement Date will be entitled to receive an Individual Allocation, calculated based on the proportion of Convenience Fees paid to and retained (1) by Ocwen on that Class Loan between July 26, 2015 and June 24, 2022, inclusive, or (2) by PHH on that Class Loan between July 30, 2015 and June 24, 2022, inclusive, on due and owing loan payments, as compared to the total aggregate amount of all Convenience Fees paid to and retained by Ocwen and PHH on due and owing loan payments with respect to all Class Loans during the respective periods. A payment is considered "due and owing" if made on

---

[4] The proposed Settlement Class is substantially similar to the litigation Class certified by this Court in its November 8, 2021 order (Doc. 152). In its November 8th Order, this Court certified the following Class:

> All persons in the United States (1) with a Security Instrument on a residential loan securing a property located in the State of California, (2) that is or was serviced by Ocwen or PHH, (3) who were charged one or more Pay-to-Pay fee, (4) whose Security Instrument did not expressly allow for the charging of a Pay-to-Pay fee at the time the Pay-to-Pay fee was charged, (5) whose mortgage debt was due and owing at the time the fee was charged, and (6) who were not class members in *McWhorter v. Ocwen Loan Servicing, LLC*, 2:15-CV-01831-MHH (N.D. Ala.).

*See* Doc. 152 at p. 23. As with the previously certified Class, the Settlement Class includes borrowers on residential loans where the mortgaged property is located in the State of California, and the borrowers paid a Convenience Fee to either Ocwen or PHH to make a due and owing payment over the telephone, by IVR, or online. The Settlement Class further provides for a Settlement Class Period of between July 26, 2015 and June 24, 2022. The Class Loans encompassed in the Settlement Class Period have been determined and verified through reference to the Defendants' records. *See* Settlement Agreement at ¶ 11.7. Excluded from the definition of Class Loans are all loans where one or more of the borrowers are (a) employees of Defendants, (b) all members of the Settlement Class in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No. 2:15-cv-01831-MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019), and (c) the federal district court and magistrate judges assigned to the Actions, along with persons within the third degree of relationship to them.

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

or after the date the payment was due. The purpose of this method of allocation is to ensure that the Settlement Fund is allocated equitably based on the relative amount of Convenience Fees charged to and paid on due and owing loan payments with respect to each Class Loan. As a result, payments made on Class Loans with multiple borrowers shall be treated as joint payments for purposes of this calculation, such that each Class Loan will be entitled to only one Individual Allocation of the remaining balance of the Settlement Fund. Co-debtors, joint-borrowers, and multiple obligators on a single Class Loan are not entitled to a separate Individual Allocation on the same Class Loan. *See* Settlement Agreement at ¶ 4.5.

Checks issued under the Settlement will be negotiable for 180 calendar days after the date of issuance, and Settlement Class Members' failure to deposit, negotiate, or otherwise cash such checks within that one hundred and eighty (180) day period shall constitute a release by those Settlement Class Members (and all other borrowers on their respective Class Loan) of any and all rights to monetary relief under the Settlement. Individual Allocation relief that remains undeliverable three hundred (300) days after the Final Settlement Date despite the Settlement Administrator's efforts to locate the Settlement Class Members shall be paid to Homes For Our Troops, described above. No portion of the Settlement Fund will revert to the Defendants.

In addition to the monetary benefits, as a result of the Settlement, the Defendants have agreed to stop charging Convenience Fees to borrowers whose loan is subject to the Rosenthal Act—*i.e.*, borrowers on residential mortgage loans involving mortgaged property in the State of California who are making a payment on or after the payment's due date—for a period of 2 years from the Final Settlement Date. *See* Settlement Agreement at ¶ 5.1.

In exchange for the consideration from the Defendants, the Action will be dismissed with prejudice upon final approval of the Settlement, and Settlement Class Members will thereby release all claims against the Defendants and the Released Parties, relating to the Convenience Fees charged by Ocwen to Settlement Class Members, during the period from July 26, 2015 through and including the date the settlement is submitted for preliminary approval, and by PHH to Settlement Class Members, during the period from July 30, 2015 through and including the

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

1  date the settlement is submitted for preliminary approval, for making loan payments by

2  telephone, IVR, the internet, and other payment methods. *See* Settlement Agreement ¶ 3.3.

3      **B.  <u>Notice</u>**

4      In accord with the Settlement Agreement, the Court's Preliminary Approval Order, and

5  the Court-approved notice plan, notice to Settlement Class Members was made by mailing, by

6  first-class US mail, the Class Notice (substantially in the form attached as Exhibit A to the

7  Settlement Agreement) to the Settlement Class Members identified in the Defendants' records

8  on each Class Loan, addressed to the mailing address of record for that Class Loan as reflected

9  in the Defendants' records. Fait Decl. at ¶ 3. Prior to mailing, the Settlement Administrator

10  updated the last known borrower mailing addresses for each Class Loan as reflected in the

11  Defendants' records through the National Change of Address system or similar databases. Skip

12  tracing was also performed by the Settlement Administrator for all returned mail. To date,

13  134,280 Class Members have been mailed a notice packet, and 130,127 notice packets have

14  not been returned as undeliverable. *Id.* at ¶ 6. The Class Notice was also posted on the

15  Settlement Website. *Id.* at ¶ 7. Accordingly, the Court-approved notice program has been fully

16  implemented, with an estimated notice reach of 97%, which is within the range endorsed by the

17  Federal Judicial Center. *See id.* at ¶ 6. And, to date, no objections or requests for exclusion have

18  been received. *See id.* at ¶¶ 9-10; *see also* Lowther Decl. at ¶ 13.

19      The Class Notice included the following information: (1) a plain and concise description

20  of the nature of the Action and the terms of the proposed Settlement, (2) a definition of the

21  Settlement Class and an explanation that the Settlement Class has been provisionally certified

22  for purposes of settlement only, (3) the right of Settlement Class Members to request exclusion

23  from the Settlement Class or to object to the Settlement, (4) a summary of the proposed terms of

24  the Release contemplated by the Settlement, (5) specifics on the date, time and place of the Final

25  Fairness Hearing, and (6) information regarding Class Counsel's anticipated fee application and

26  the anticipated request for the Class Representative's Service Award.

27

28

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

Moreover, in accord with the Settlement Agreement and the Court's Preliminary Approval Order, the current motion, along with Plaintiff's Motion for Award of Attorneys' Fees and Litigation Costs, and Service Award ("Plaintiff's Motion for Attorneys' Fees"), will be posted on the Settlement Website.

All costs and fees related to implementation of the notice program and dissemination of the Class Notice are to be paid from the Settlement Fund.

**C. <u>Class Counsel's Applications for (i) Attorneys' Fees and Costs and (ii) a Service Award.</u>**

In accord with the Settlement Agreement, Class Counsel are requesting an award of attorneys' fees and costs of 33% of the Settlement Fund, or $2,310,000, to compensate them for all of the work already performed in this case, all of the work remaining to be performed in connection with this Settlement, and the risks undertaken in prosecuting this case, as well as a Service Award in the amount of $10,000 to compensate Plaintiff for his work on behalf of the Settlement Class. *See* Plaintiff's Motion for Attorneys' Fees, being filed contemporaneously herewith. The enforceability of the Settlement Agreement is not contingent on the Court's approval of Plaintiff's Motion for Attorneys' Fees, and the Defendants remain free to oppose any request for attorneys' fees, costs, or service awards. Any award granted by the Court will be paid out of the Settlement Fund.

**IV.    APPLICABLE LEGAL STANDARDS.**

The approval process for a class action settlement takes place in three stages: preliminary approval, notice, and final approval. *See* Fed. R. Civ. P. 23 (e); *see also In re Bluetooth Headset Prods. Liab. Litig. ("In re Bluetooth")*, 654 F.3d 935 (9th Cir. 2011). On July 20, 2022, this Court granted Plaintiff's Motion for Preliminary Approval of Settlement and Incorporated Memorandum of Law in Support. Doc. 168. In accord with the Court's Preliminary Approval Order, the Settlement Administrator timely and successfully completed the Court-approved notice plan. *See* Fait Decl. at ¶¶ 2-8. Now, the Court must determine whether the Settlement "taken as a whole is fair, reasonable, and adequate," warranting final approval. *In re Bluetooth*,

-14-

654 F.3d at 946. In determining whether a proposed settlement is fair, reasonable, and adequate, courts are to consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
> (i) the costs, risks, and delay of trial and appeal;
>
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>
> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

FRCP 23 (e)(2).

These factors are substantially similar to those adopted by both the Ninth Circuit and district courts in California. *See In re Bluetooth*, 654 F.3d at 946-47 ("[C]ourts generally must weigh '(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.'") (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also McLeod v. Bank of Am., N.A.*, No. 16-CV-03294-EMC, 2019 WL 1170487, at *3 (N.D. Cal. Mar. 13, 2019) (adopting the factors set forth by the Ninth Circuit in *In re Bluetooth*).

Applying the venerable standards above, final approval should be granted because the Settlement and the notice program satisfy the requirements for final approval in all respects.

# V. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE,

-15-

1  WARRANTING FINAL APPROVAL.

2  **A.  Plaintiff and Class Counsel Have Adequately Represented the Class, Obtaining**

3  **an Excellent Settlement to Which No Class Member or Government Entities**

4  **Have Objected.**

5  Both Plaintiff and Class Counsel have adequately represented the Settlement Class in this

6  case. The Plaintiff has adequately represented all Settlement Class Members in this action by

7  achieving a Settlement that provides for approximately 42% of the sum of all challenged

8  Convenience Fees collected from all Settlement Class Members during the Class Period, as well

9  as securing valuable injunctive relief that will carry on for a period of 2 years after entry of the

10  Final Approval Order. In addition, Plaintiff has been actively involved throughout the course of

11  the litigation and settlement, assisting Class Counsel in investigating claims on an individual

12  basis, reviewing case documents, remaining apprised of the litigation, spending more than thirty

13  hours to find and produce thousands of pages of documents responsive to Defendants' discovery

14  requests, sitting for an hours-long deposition, and participating in multiple mediation sessions.

15  Moreover, Plaintiff's efforts, including the risks he voluntarily took as well as the time he

16  expended supporting the litigation, were crucial to achieving the result for the Settlement Class.

17  Class Counsel have also fully and adequately represented all members of the Settlement

18  Class. Class Counsel vigorously litigated this case including: (a) extensive pre-filing

19  investigation; (b) drafting and filing the complaints; (c) successfully defending against

20  Defendant's motions to dismiss; (d) preparing and propounding written discovery; (e) meeting-

21  and-conferring with Defendant's counsel regarding various case management matters; (f)

22  conducting extensive discovery, including taking multiple party depositions and expert

23  depositions; (g) fully briefing cross-motions for summary judgment; (h) drafting a

24  comprehensive mediation statement, and participating in two full-day mediation sessions, as well

25  as three additional mediation sessions; (j) conducting confirmatory discovery to ensure

26  identification of all Settlement Class Members and the total amount of aggregate Convenience

27  Fees paid during the Class Period; and (k) ultimately successfully negotiating the Settlement now

28

-16-

before the Court. Class Counsel's efforts demonstrate that they vigorously and zealously represented the Class. It is Class Counsel's informed opinion that this Settlement represents an excellent result and is in the best interest of the Class. *See* Lowther Decl. at ¶¶ 7-10; Declaration of James Kauffman ("Kauffman Decl.") at ¶ 24; *see also Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009) (where plaintiffs' attorneys are qualified and well informed, their opinion regarding settlement is entitled to significant weight).

Lastly, to date, no Settlement Class Member has objected to the Settlement. *See* Fait Decl. at ¶ 10. And, while no governmental entity is a party to this litigation, notice was issued to the appropriate federal and state officials in accordance with the 28 U.S.C. § 1715, and to date, no governmental entity has raised an objection or concern about the Settlement. *See* Lowther Decl. at ¶ 13. Accordingly, these factors weigh in favor of final approval.

## B. <u>The Settlement Was the Result of Informed, Arm's Length Negotiations Between the Parties and Has No Obvious Deficiencies.</u>

Courts recognize that arm's-length negotiations conducted by competent counsel are *prima facie* evidence of fair settlements. *Dunakin v. Quigley*, No. 2:14-CV-00567-JLR, 2017 WL 123011, at *2 (W.D. Wash. Jan. 10, 2017) ("A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery."). The Court's role is to ensure "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (internal quotation omitted). Courts will approve class action settlements entered into after good-faith, arm's-length negotiations. *See Grigoryan v. CEMEX Constr. Materials Pac., LLC*, No. EDCV 18-1563-R, 2019 WL 13149915, at *2 (C.D. Cal. May 21, 2019). Moreover, "[t]he use of a mediator and the presence of discovery 'support the conclusion that the Plaintiff was appropriately informed in negotiating a settlement.'" *Deaver v. Compass Bank*, No. 13-CV-00222-JSC, 2015 WL 4999953, at *4 (N.D. Cal. Aug. 21, 2015) (quoting *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL

-17-

5878390, at *6 (N.D. Cal. Nov. 21, 2012)); *see also Dunakin*, 2017 WL 123011, at *2 (concluding the settlement "was the result of arm's length bargaining" and "was reached in good faith with the assistance of a neutral mediator.").

Here, the Settlement was reached only after an in-depth factual investigation, extensive motions practice, fulsome discovery, two full-day mediation sessions with a private mediator, and two additional mediation sessions before Magistrate Judge Spero, who succeeded in shepherding the Parties to a resolution. During negotiations, Class Counsel conducted confirmatory discovery regarding the total number of Settlement Class Members and the total amount of aggregate Convenience Fees paid during the Class Period. Hence, Class Counsel had a wealth of information at their disposal before entering into the Settlement. Accordingly, the Settlement was only reached after hard-fought litigation and protracted negotiations conducted by informed, experienced counsel on both sides who were thoroughly familiar with the factual and legal issues. *See* Lowther Decl. at ¶¶ 11-12; Kauffman Decl. at ¶ 23.

Additionally, there are no obvious deficiencies in the Settlement Agreement. *See In re Bluetooth*, 654 F.3d at 947; *Deaver*, 2015 WL 4999953, at *4. Settlement Class Members who do not exclude themselves will automatically receive a *pro rata* distribution from the Settlement Fund less any court-approved attorneys' fees and costs, service awards, and costs of settlement notice and administration. Plaintiff's request for attorneys' fees, litigation costs, and service awards are reasonable and directly in line with prevailing standards in the Ninth Circuit. *Beaver v. Tarsadia Hotels*, No. 11-CV-01842-GPC-KSC, 2017 WL 4310707, at *9–10 (S.D. Cal. Sept. 28, 2017) (Courts in the Ninth Circuit "have routinely awarded fees of one-third of the common fund or higher after considering the particular facts and circumstances of each case."); *Vedachalam v. Tata Consultancy Servs., Ltd*, No. C 06-0963 CW, 2013 WL 3941319, at *2 (N.D. Cal. July 18, 2013) (finding "[i]n light of the many cases in this circuit that have granted fee awards of 30% or more, the requested fee [of 30%] is well within the usual range of percentages awarded in similar cases," and further approving $268,176 in litigation expenses); *Bolton v. U.S. Nursing Corp.*, No. C 12-4466 LB, 2013 WL 5700403, at *6 (N.D. Cal. Oct. 18,

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

2013) (approving $10,000 incentive award). Furthermore, the Settlement provides that 300 days after the Final Settlement Date, and after payment of all fees and costs, any remaining funds shall be disbursed to Homes for Our Troops as a *cy pres* award. Thus, there is no issue of reverter.

Furthermore, the scope of the release is not overly broad as Settlement Class Members will release only those claims related to the Convenience Fees charged by Ocwen to Settlement Class Members, during the period from July 26, 2015 through and including the date the settlement is submitted for preliminary approval, and by PHH to Settlement Class Members, during the period from July 30, 2015 through and including the date the settlement is submitted for preliminary approval, for making loan payments by telephone, IVR, the internet, and other payment methods. *See* Settlement Agreement ¶ 3.3.

Lastly, there is no unfair or preferential treatment of any Settlement Class Member. *See Hendricks v. Starkist Co*., No. 13-CV-00729-HSG, 2015 WL 4498083, at *6 (N.D. Cal. July 23, 2015). Here, payments to Settlement Class Members will be made on a *pro rata* basis, based on the amount of Convenience Fees paid by Settlement Class Members and retained by Ocwen and/or PHH on due and owing payments during the Class Period as a percentage of all such Convenience Fees paid by all Settlement Class Members. Thus, each Settlement Class Member is given fair and equal treatment.

In sum, the Settlement was achieved through arm's-length negotiations conducted by competent counsel, contains no obvious deficiencies, and treats Settlement Class Members equally. Accordingly, there are no grounds to doubt the Settlement's fairness.

## C.  <u>The Settlement Provides Exceptional Relief for the Settlement Class.</u>

When determining if the relief provided for the class is adequate, Rule 23 instructs courts to take into account "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23 (e)(2). Consideration of each of these sub-factors weighs in favor of final approval.

### 1. Continued litigation would be risky, complex, lengthy, and expensive.

While Plaintiff has calculated the maximum value of the claims in this Action to be larger than the settlement amount, when the maximum value of Plaintiff's and the Class's claims are discounted by the identifiable risks, experience dictates that the interests of the Class are better served by the proposed Settlement. *See Noll v. eBay, Inc.*, 309 F.R.D. 593, 606 (N.D. Cal. 2015) ("Immediate receipt of money through settlement, even if lower than what could potentially be achieved through ultimate success on the merits, has value to a class, especially when compared to risky and costly continued litigation."); *see also West Virginia v. Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970), *aff'd*, 440 F.2d 1079 (2d Cir. 1971) ("In considering the proposed compromise, it seems also to be of importance that (if approved) the substantial amounts of money are available for class members now, and not at some distant time in the future. The nature of these actions is such that a final judgment, assuming it to be favorable, could only be obtained after years of expensive litigation. It has been held proper 'to take the bird in hand instead of a prospective flock in the bush.'"); *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 46, 53 (S.D.N.Y. 1993) (noting that even a favorable jury verdict "is not a guarantee of ultimate success").

Here, the risks of continued litigation are substantial. Defendant has vigorously denied Plaintiff's allegations of wrongdoing, and the law remains uncertain on the applicability of the FDCPA and the Rosenthal Act to Convenience Fees. *Compare Thomas-Lawson v. Carrington Mortg. Servs.,* 2021 WL 1253578 (C.D. Cal. April 5, 2021) (dismissing claims); *with Corona v. PNC Financial Services Group, Inc.*, No. 2:20-cv-06521-MCS, 2021 WL 1218258, *2-*8 (C.D. Cal. 2021) (allowing claims to proceed). Further, Plaintiff anticipates that Defendant would likely have vigorously opposed class certification and moved for summary judgment if this case were to continue. Thus, continued litigation of the Action would have been lengthy and expensive, and

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

the possibility of Plaintiff litigating this case on a class basis and prevailing through judgment is uncertain.

Moreover, even if Plaintiff were to prevail through continued litigation and trial, he would still face significant risks as an appeal by Defendants would be likely. "It is known from past experience that no matter how confident one may be of the outcome of litigation, such confidence is often misplaced." *West Virginia*, 314 F. Supp. at 743-44. For example, in *In re Apple Computer Sec. Litig.*, No. C-84-20148-(A)-JW, 1991 WL 238298 (N.D. Cal. Sept. 6, 1991), the jury rendered a verdict in favor of plaintiffs and found recoverable damages in excess of $100 million. Nonetheless, the trial court disagreed and overturned the verdict, entering a judgment notwithstanding the verdict for the individual defendants and ordering a new trial with regard to the corporate defendant. *Id.*

### 2. The Settlement provides meaningful, automatic payments to Settlement Class Members.

Under the Settlement, each Settlement Class Member is entitled to an automatic payment of his or her pro rata distribution unless he or she submits a timely request for exclusion. As such, the method to distribute relief is both simple and efficient.

Moreover, the relief provided to Settlement Class Members under the Settlement is significant. As previously noted, the Settlement creates a Settlement Fund of $7,000,000.00, which equates to approximately 42% of the total Convenience Fees allegedly wrongfully collected by Defendant. Moreover, as an additional benefit to the Settlement Class, Defendant will refrain from charging Convenience Fees for 2 years after Final Approval. Thus, Class Members will enjoy additional benefits as a result of this litigation and the Settlement. This changed practice increases the value of the settlement by approximately $4,880,000. *See* Doc. 164 at ¶ 10. Thus, the Settlement provides meaningful relief with no obligation that requires a Settlement Class Member to submit a claim form in order to receive benefits.

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

**3. The requested attorneys' fees are reasonable and in line with similar awards approved in the Ninth Circuit.**

As detailed in Plaintiff's Motion for Attorneys' Fees, Class Counsel requests an award of attorneys' fees of $2,310,000, which represents 33% of the $7,000,000 Settlement Fund, and approximately 19% of the total settlement value, inclusive of the injunctive relief. *See* Plaintiff's Motion for Attorneys' Fees at 1; Lowther Decl. at ¶ 19. Further, pursuant to the Settlement Agreement, Class Counsel will not receive any payment until five (5) business days after the Final Settlement Date. *See* Settlement Agreement at ¶ 10.5. Thus, the percentage requested and the timing of the payment also weigh in favor of final approval.

**4. The Settlement provides for a non-reversionary common fund.**

As noted above, there is no claims process; instead, each Settlement Class Member who does not opt out will automatically receive a check. Any residual funds remaining in the Settlement Fund after 300 days from the date of distribution, and payment of all fees and costs, will be disbursed to Homes for Our Troops as a *cy pres* award. No funds from the Settlement will revert to Defendant. Thus, consideration of each of these four subfactors weigh in favor of final approval.

**D. The Settlement Treats All Settlement Class members Equitably.**

Under the Settlement, there is no unfair or preferential treatment of any Settlement Class Member. *See Hendricks v. Starkist Co.*, No. 13-CV-00729-HSG, 2015 WL 4498083, at *6 (N.D. Cal. July 23, 2015). Payments to Settlement Class Members will be made on a *pro rata* basis, to be calculated based upon the amount of Convenience Fees paid by the Settlement Class Member during the Class Period. Thus, each Settlement Class Member is given fair and equal treatment.

**E. The Notice Program Satisfies Rule 23 and Due Process and Constitutes the Best Notice Practicable.**

The Court has already determined that the notice program in this case adequately satisfies Rule 23, and due process. Doc. 168 at ¶¶ 13-14. The Settlement Administrator has now fully implemented the notice program, providing an estimated 97% of Settlement Class Members with

-22-

1  notice, which is at the high end of the range endorsed by the Federal Judicial Center. *See* Fait

2  Decl. at ¶¶ 2-8; *see also* MANAGING CLASS ACTION LITIGATION: A POCKET GUIDE

3  FOR JUDGES, p. 27 (3d ed. 2010) (the norm is in the 70-95% range). Further, to date, there have

4  been no requests for exclusion and no objections. *See* Fait Decl. at ¶¶ 9-10. What is more, the

5  Settlement Administrator continues to maintain the Settlement Website and toll-free phone line

6  and respond to inquiries from Settlement Class Members. *Id.* at ¶¶ 7-8. Accordingly, the notice

7  provided to Settlement Class Members fulfills all of the requirements of Rule 23 and due process

8  and constitutes the best notice practicable under the circumstances.

9  **VI.    FINAL CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE.**

10         In its Preliminary Approval Order, the Court provisionally certified the Settlement Class

11  upon concluding all of the requirements of Rule 23 (a) and (b)(3) were satisfied. Specifically, the

12  Court found as follows: (1) "the proposed Settlement Class is sufficiently numerous that joinder

13  would be logistically impossible. Based on a review of the Defendants' records, the proposed

14  Settlement Class consists of 139,491 Class Loans" (Doc. 168 at ¶ 7); (2) the issues in this

15  litigation present common question of law and fact that can be determined on a class wide basis

16  as "Plaintiff's claims here depend on the common contentions that Convenience Fees are neither

17  authorized by Class Members' notes and deeds of trust or permitted by law" (*id.* at ¶ 8); (3) for

18  the same reason commonality is satisfied, "the predominance requirement of Fed. R. Civ. P.

19  23(b)(3) is satisfied for settlement purposes." (*id.*); (4) "the proposed Settlement Class

20  Representative and Class Counsel have adequately represented the proposed Settlement Class

21  and have no conflicts with Settlement Class Members" (*id.* at ¶ 9); (5) "t the Settlement Class

22  Representative's claims are typical of those of the Settlement Class Members as they arise from

23  the same alleged course of conduct as those of the Settlement Class Members" (*id.* at ¶ 10); and

24  (6) "[a class action is a superior method of resolving the claims of the Settlement Class Members,

25  which are of modest amounts" (*id.* at ¶ 11). For these same reasons, this Court should grant final

26  certification of the Settlement Class for settlement purposes only.

27

28

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO

## VII.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court enter an order, in substantial form to the proposed order attached as Exhibit 1: (i) granting final approval of the Settlement as fair, reasonable, and adequate; (ii) granting final certification to the Settlement Class; and (iii) finding that the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23 (e) and due process and constitutes the best notice practicable under the circumstances. Plaintiff further requests this Court enter final judgment, in substantial form to the proposed order attached as Exhibit 2.

Dated: October 19, 2022                    Respectfully submitted,


                                           */s/ James L. Kauffman*
                                           James L. Kauffman (admitted *pro hac vice*)
                                           jkauffman@baileyglasser.com
                                           BAILEY GLASSER LLP
                                           1055 Thomas Jefferson Street, NW Suite 540
                                           Washington, DC 20007
                                           Tel. (202) 463-2101

                                           Edwin Lee Lowther (admitted *pro hac vice*)
                                           llowther@cbplaw.com
                                           Hank Bates (SBN 167688)
                                           hbates@cbplaw.com
                                           Randall K. Pulliam (admitted *pro hac vice*)
                                           rpulliam@cbplaw.com
                                           CARNEY BATES & PULLIAM, PLLC
                                           519 W. 7th St.
                                           Little Rock, AR, 72201
                                           Tel. (501) 312-8500
                                           Fax (501) 312-8505

                                           Don F. Livornese (State Bar No. 125,934)
                                           donl@ruyakcherian.com
                                           RUYAK CHERIAN LLP
                                           222 N. Pacific Coast Highway, Suite 2000
                                           El Segundo, CA 90245
                                           Tel. (310) 586-7689

                                           *Attorneys for Plaintiff*

-24-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 19, 2022, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

*/s/ James L. Kauffman*

James L. Kauffman

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND
MEMORANDUM IN SUPPORT OF FINAL APPROVAL
CASE NO. 3:19-CV-04303-WHO