Hank Bates (SBN 167688)
hbates@cbplaw.com
Randall K. Pulliam (*admitted pro hac vice*)
rpulliam@cbplaw.com
Edwin Lee Lowther (*admitted pro hac vice*)
llowther@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR, 72201
Tel. 501-312-8500
Fax 501-312-8505

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

*San Francisco Division*

| | |
|---|---|
| LAWRENCE TORLIATT, on behalf of himself and all others similarly situated, Plaintiff, v. OCWEN LOAN SERVICING, LLC, Defendant. | Case No. 3:19-cv-04303-WHO [PROPOSED] FINAL APPROVAL ORDER |

CONSOLIDATED WITH:

Lawrence Torliatt v. PHH Mortgage
Corp., Case No. 3:19-cv-04356-WHO

This matter having come before the Court for a Final Approval Hearing on the proposed Settlement, and the Court having reviewed in detail the Settlement Agreement and Release (the "Settlement Agreement"), all relevant motions and papers that have been filed in connection with the proposed Settlement, and finding good cause,

**IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class, and venue in this Court is proper.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby finds that the requirements of Rule 23(a) and (b)(3) are satisfied for the following reasons:  (a) the Settlement Class is sufficiently numerous to make joinder impracticable, (b) questions of law or fact common to the Settlement Class predominate over any individual questions, (c) the claims of Plaintiff are typical of the Settlement Class, (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all members of the Settlement Class, and (e) the class action procedure is the superior method of settling the claims and defenses in this Lawsuit.

4. For purposes of the Settlement and this Final Approval Order, the Settlement Class shall be defined as follows:

    All borrowers on residential mortgage loans involving mortgaged property located in the State of California who, between July 26, 2015 and June 24, 2022 (the last day of the Class Period), paid a Convenience Fee to Ocwen and/or, between July 30, 2015 and June 24, 2022, paid a Convenience Fee to PHH to make a due and owing monthly payment over the telephone, by IVR, or online.

[PROPOSED] FINAL APPROVAL ORDER

Excluded from the Class are (a) all employees of Defendants, (b) all members of the Settlement Class in *McWhorter, et al. v. Ocwen Loan Servicing, LLC, et al.*, No. 2:15-cv-01831-MHH, ECF No. 71 at 7 (N.D. Ala. Aug. 1, 2019), (c) the federal district court and magistrate judges assigned to the Actions, along with persons within the third degree of relationship to them; and (d) any persons who timely opted-out of the Settlement Class.

5.    Plaintiff Lawrence Torliatt is appointed Settlement Class Representative and the law firms of Carney Bates & Pulliam, PLLC and Bailey & Glasser, LLP are appointed as Class Counsel.

6.    The Court finds that the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23(c) and due process and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of (i) the pendency of the lawsuit and of the Settlement, including the terms thereof; (ii) the procedure for objecting to or opting out of the Settlement; (iii) contact information for Class Counsel, the Settlement Administrator and a toll-free number to ask questions about the Settlement; (iv) important dates in the settlement approval process, including the date of the Final Approval Hearing; and (v) Class Counsel's request for an award of reasonable attorneys' fees, reimbursement of litigation expenses, and a service award to the Settlement Class Representative.

7.    The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval (*see, e.g., Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566 (9th Cir. 2004)), including, inter alia, the strength

[PROPOSED] FINAL APPROVAL ORDER

of Plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of certifying the proposed Settlement Class and – if successful – maintaining class action status throughout trial; the relief provided for in the Settlement; the extent of discovery completed and stage of the proceedings; the experience and views of Class Counsel; the assistance of a highly-qualified mediator in reaching the Settlement; and the reaction of Settlement Class Members to the proposed Settlement. Furthermore, the Court has specifically considered the factors relevant to class settlement approval pursuant to Fed. R. Civ. P. 23(e)(2), including whether the

(A)     Settlement Class Representative and Class Counsel have adequately represented the Settlement Class;

(B)     Settlement was negotiated at arm's length;

(C)     relief provided for the Settlement Class is adequate, taking into account:

    (i)      the costs, risks, and delay of trial and appeal;

    (ii)     the effectiveness of any proposed method of distributing relief to the Settlement Class; and

    (iii)    the terms of any proposed award of attorneys' fees, including the timing of payment; and

    (iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)     Settlement treats Settlement Class Members equitably relative to each other.

8.     The Court has reviewed the Settlement and negotiation history for any signs of potential collusion (*see, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)) and finds that the Settlement is not the product of collusion. This finding is supported by, among other things: the fact that the Settlement was

[PROPOSED] FINAL APPROVAL ORDER

facilitated by experienced, well-qualified counsel who participated in arm's-length negotiations that included multiple mediation sessions conducted by a respected mediator; the Settlement provides significant benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses sought separately by Class Counsel; the benefits provided to Settlement Class Members are appropriate under the circumstances of this lawsuit; and the Parties began negotiating attorneys' fees and expenses only after reaching an agreement regarding the key deal terms, including the amount of the Settlement Fund.

9.   The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

10.   The Action is hereby dismissed with prejudice, with each party to bear its own costs.

11.   By operation of this order, all members of the Settlement Class who have not timely and properly submitted a request for exclusion are deemed to have fully, finally and forever released, on behalf of themselves and all of their present, former and future heirs, assigns, and/or successors, each and all of the PHH Defendants and Released Parties of and from, and shall be permanently enjoined from pursuing against each and all of the Released Parties, any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or

~~[PROPOSED]~~ FINAL APPROVAL ORDER

unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, arising out of the Convenience Fees charged by Ocwen to Settlement Class Members, during the period from July 26, 2015 through and including June 24, 2022, and by PHH to Settlement Class Members, during the period from July 30, 2015 through and including June 24, 2022, for making loan payments by telephone, IVR, the internet, and other payment methods.

12.    Class Counsel or its designated agent is directed to administer the Settlement in accordance with its terms and provisions.

13.    The individuals or entities identified on Exhibit "A" located at Docket No. 174-1 have timely and validly requested exclusion from the Settlement Class and, therefore, are excluded. Such individuals or entities are not included in or bound by this Settlement or Final Judgment. Such individuals or entities are not entitled to any recovery from the settlement proceeds obtained through this Settlement.

14.    Class counsel is awarded $2,310,000 in fees, inclusive of expenses, and shall be paid in the manner set forth in the Settlement Agreement.  The attorney fees and costs, which amount to 33% of the Settlement Fund, reflects the extensive litigation of this case, which involved unsettled legal issues; the risk involved in pursuing it; and the favorable results to Class Members, including the monetary and non-monetary relief and the fact that no claims process was required to recover.  The Court also notes that no objections were received.  A lodestar cross-check supports the reasonableness of this award; the fees amount to a lodestar multiplier of approximately 1.37, which is appropriate for the reasons stated above.

15.    Plaintiff is awarded a Service Award of $10,000 and shall be paid in the manner set forth in the Settlement Agreement.  This award reflects the plaintiff's extensive participation in the litigation, which included preparing and sitting for a deposition.

6

[PROPOSED] FINAL APPROVAL ORDER

providing a significant number of documents, and participating in multiple mediation sessions.

16.     The Court shall retain exclusive, continuing, jurisdiction to resolve any disputes or challenges that may arise as to compliance with the Settlement Agreement, or any challenge to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Order, the Final Judgment, or the Settlement Agreement.

17.     In the event that this Order is reversed on appeal or otherwise does not become final, (i) this Order shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) as specified in the Section 12.6 of the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null, void, and of no force and effect, (iii) the Settlement Fund shall be refunded to the Defendant, less reasonable settlement administrative expenses actually incurred and paid, and (iv) the Action shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement Agreement.

18.     Neither the Settlement Agreement, the Settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as, an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense, in whole or in part, on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement or this Order.

19.     Pursuant to the Northern District of California's Procedural Guidance for Class Action Settlement, within 21 days after all funds have been paid to class members, any cy pres recipient, and others pursuant to the Settlement Agreement, the parties

[PROPOSED] FINAL APPROVAL ORDER

shall file a Post-Distribution Accounting (and post it on the settlement website), which provides the following information:

 a. The total settlement fund; the total number of class members; the total number of class members to whom notice was sent and not returned as undeliverable; the number and percentage of opt-outs; the number and percentage of objections; the average, median, maximum, and minimum recovery per claimant; the methods of notice and payment to class members; the number and value of checks not cashed; the amounts distributed to any cy pres recipient; the administrative costs; the attorney fees and costs; the attorney fees in terms of percentage of the Settlement Fund; plaintiff's counsel's updated lodestar total; and the lodestar multiplier.

 b. The aggregate value of non-monetary relief redeemed by the class members and the benefits of such relief conferred on the class.

Counsel should summarize this information in an easy-to-read chart that allows for quick comparison with other cases.  The Court may hold a hearing following submission of the Post-Distribution Accounting.

   IT IS SO ORDERED.

Dated:  November 29, 2022

William H. Orrick
United States District Judge

8

[PROPOSED] FINAL APPROVAL ORDER